468 So.2d 852 (1985)
Gerald Kevin THOMPSON
v.
STATE of Mississippi.
No. 55468.
Supreme Court of Mississippi.
February 27, 1985.
Rehearing Denied May 22, 1985.
L. Terrell Simpson, Picayune, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by A. William May, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SULLIVAN and ANDERSON, JJ.
PATTERSON, Chief Justice, for the Court:
Gerald Kevin Thompson was indicted, convicted and sentenced to thirty (30) years *853 in the Department of Corrections (15 years suspended) for the sexual battery of a female child, seven years of age. He appeals and assigns as error:
I. The state failed to prove beyond a reasonable doubt, by competent evidence, that the defendant committed the crime of sexual battery and the trial court erred in refusing to sustain the motion of the defendant to strike the testimony of Tracey Cook and to direct a verdict of not guilty.
II. The trial court erred by propounding to the state's chief witness, on its own motion, a series of questions which added to the credibility of the witness and prejudiced the defendant.
The indictment in pertinent parts follows:
GERALD THOMPSON being a male person above the age of eighteen (18) years, did wilfully, unlawfully and feloniously and without her consent because of her infancy of age (seven [7] years), commit a sexual battery upon the person of Tracey Cook, a female child below the age of fourteen (14) years, to-wit: seven (7) years, by the penetration of his penis into the vagina of the said Tracey Cook and by the penetration of his tongue and his penis into the anal opening of Tracey Cook for the purpose of gratifying his lust and for the purpose of indulging his depraved, licentious sexual desires, contrary to and in violation of Section 97-3-95 of the Mississippi Code of 1972, as amended;
Both of the charges in the indictment are the penetration of the victim's body. The indictment flows from Mississippi Code Annotated, § 97-3-95 (Supp. 1984), which states:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person; or
(c) A child under the age of twelve (12) years.
The section's basic premise is "sexual penetration." Mississippi Code Annotated, § 97-3-97 (Supp. 1984), defines "sexual penetration" viz, "(a) ... any penetration of the genital or anal openings of another person's body by any part of a person's body, ..."
In West v. State, 437 So.2d 1212 (Miss. 1983), an attempted sexual battery case, we held that penetration is the essence of Mississippi Code Annotated, § 97-3-95. The case was reversed because of insufficient evidence.
We do not detail the sordid testimony of this record, but state only that in our opinion the evidence reveals no proof of sexual penetration as set forth in the indictment. The nature of the charges, an adult ravishing a child, are as repulsive to judges as doubtless they are to other mature individuals, but nevertheless our duty of reviewing the evidence is not diminished. Our study of the record discloses no evidence to support a conviction of sexual battery, in that there is no evidence of penetration as charged in the indictment and required by statute. We are of the opinion, therefore, the case must be reversed for insufficient evidence.
The state's only witness to the alleged occurrence was the nine year old girl (the alleged victim). After being qualified as a witness, she testified for the state and responded to numerous leading and other questions permitted by the court. The witness was of tender years giving testimony of what she had experienced about two years previously. Under these circumstances we are of the opinion the court did not err in permitting some of the leading questions. However, we caution the continued leading questions on cogent points, many of which were answered by an affirmative or negative nodding of the head, is hazardous procedure at best. The above statement is made as a prologue to the following event. On cross-examination the witness's responses became equivocal, and after defense counsel had concluded his cross-examination, the court initiated a series of questions without request from the *854 state or the defendant which had the effect, in our opinion, of re-constituting the witness and thereby lending the court's approval to her testimony before the jury. While it is true there was no objection to the court's interrogation, we nevertheless address the point.
In Shore v. State, 287 So.2d 766, 768, 769 (Miss. 1974), we concluded:
... However, the comment by the trial judge could, and very likely did, have the effect of bolstering the witness's testimony in the eyes of the jury since the court's stamp of approval was upon it. We do not state that the comment alone would constitute reversible error, but we do point out that comment upon the evidence by a trial judge in the presence of the jury is hazardous to affirmance on appeal. See Green v. State, 97 Miss. 834, 53 So. 415 (1910), wherein this court stated:
"It is a matter of common knowledge that jurors, as well as officers in attendance upon court, are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; and jurors watch closely his conduct, and give attention to his language, that they may, if possible, ascertain his leaning to one side or the other, which, if known, often largely influences their verdict. He cannot be too careful and guarded in language and conduct in the presence of the jury, to avoid prejudice to either party... ."
See also, Stallworth v. State, 310 So.2d 900 (Miss. 1975).
The great danger, particularly in a criminal case, is that the weight and dignity of the court accompanies each question or comment, although not so intended by the judge, and are very likely to be interpreted by the jury as the court's approval of the witness and her testimony, thereby lending unity to it and thus diverting the jurors' attention from their responsibility of deciding the case from the evidence, untainted, as heard by them from the witness stand. In our opinion, this was reversible error.
The case is reversed and remanded so that a grand jury of Pearl River County may consider re-indictment in their discretion, pursuant to Mississippi Code Annotated, § 97-5-23 (1972).
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., not participating.