803 So.2d 1191 (1999)
Phillip CARTER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01497-COA.
Court of Appeals of Mississippi.
November 16, 1999.
*1192 Richard Burdine, Columbus, Attorney for Appellant.
Scott Stuart, Office of the Attorney General, Columbus, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Phillip Carter was convicted in the Lowndes County Circuit Court on a charge of Violation of Health Department Quarantine Order. Carter was sentenced to five years in prison with the MDOC. Feeling aggrieved, Carter filed this appeal.

FACTS
¶ 2. On December 22, 1991, Phillip Carter tested positive for the HIV virus. On March 31, 1992, the Mississippi State Department *1193 of Health issued a quarantine order against Carter. The order stated Carter had tested positive for the HIV virus, and as such, Carter posed a risk of harm to the public health. The order required that Carter notify his sexual partners he was HIV positive and ordered Carter to refrain from any activity whereby his blood would be commingled with others' blood.
¶ 3. Carter engaged in sexual activities with Raymond Bell in the fall of 1993 and failed to inform Bell of his HIV status, in violation of the quarantine order. Carter was subsequently arrested, tried and convicted for violating the order.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 4. Carter argues the verdict was against the overwhelming weight and sufficiency of the evidence. Our standard of review regarding weight and sufficiency has been stated before in several Mississippi cases.
¶ 5. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice." Danner v. State, 748 So.2d 844 (¶ 7) (Miss.Ct.App.1999).
¶ 6. "The standard of review for the legal sufficiency of the evidence is well-settled: [W]e must, with respect to each element of the offense, consider all of the evidencenot just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Gleeton v. State, 716 So.2d 1083 (¶ 14) (Miss.1998).
¶ 7. Reviewing the standards this Court is bound to follow in evaluating both the weight and sufficiency of the evidence, we must affirm the lower court.

ANALYSIS OF THE ISSUE PRESENTED

I. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
¶ 8. Carter argues the jury verdict was contrary to the weight and sufficiency of the evidence presented and, as such, should be reversed. In our review of the evidence presented the jury, however, we find to the contrary.
¶ 9. Looking first to the weight of the evidence, we see evidence presented to the jury consisted largely of testimony. William Fryery, a Disease Intervention Specialist Supervisor with the Department of Health, testified concerning his dealings with Carter. Fryery stated he counseled Carter about his disease, he contacted and told persons Carter listed as sexual partners of Carter's disease, and also delivered the quarantine order to Carter.
¶ 10. Raymond Bell, one of Carter's former sexual partners, also testified against Carter. Bell called the health department upon learning of Carter's HIV status. Bell stated his reason for doing so was he *1194 and Carter had sexual relations and Carter failed to notify Bell of his HIV status, which was contradictory to the quarantine order which, at the time, Carter was bound to follow.
¶ 11. Max Blanton, a Lowndes County Deputy Sheriff, testified he accompanied Fryery to serve the quarantine order on Carter March 31, 1992.
¶ 12. Taking these testimonies together, the trial judge correctly denied the judgment notwithstanding the verdict, as the jury rightly considered this evidence and returned a verdict consistent with the evidence.
¶ 13. Regarding sufficiency of the evidence, we must consider the evidence in the light most favorable to the verdict. Gleeton, 716 So.2d 1083 (¶ 14). As we apply this standard to Carter's case, it is clear that the prosecution met its burden of proving every element of the crime.
¶ 14. On January 9, 1992, Fryery met with Carter after Fryery received notice from the Lowndes County Health Department that Carter tested positive for the HIV virus. The quarantine order was served on Carter March 31, 1992. Even if a question did exist during that two month period of time whether Carter was indeed quarantined pursuant to health department standards, the testimony of Ray Bell showed he and Carter had sexual relations in the fall of 1992, several months after Carter was absolutely bound to act according to the order, as it was served earlier in March.
¶ 15. The only argument Carter makes with regard to this appeal is he thought if he failed to follow the instructions given him at his counseling session with Fryery, including not engaging in sexual conduct without informing his partner of his HIV status, he could possibly be put under quarantine orders. Thus, Carter contends he did not knowingly and willfully violate the order because he did not realize he was actually bound to follow the order. Nonetheless, others' testimonies conflict with Carter's allegations, and the jury weighed each person's testimony to arrive at a verdict.

CONCLUSION
¶ 16. The jury weighed the evidence and found it to be in favor of a guilty verdict, and we will not reverse the jury where another hypothetical juror could have reached the same conclusion. The weight and sufficiency of the evidence supports the jury verdict, and we now affirm.
¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF VIOLATION OF HEALTH DEPARTMENT QUARANTINE ORDER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.