820 So.2d 790 (2002)
Kendrick ROBERTS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01596-COA.
Court of Appeals of Mississippi.
June 25, 2002.
*791 Kendrick Roberts, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, MYERS, and CHANDLER, JJ.
THOMAS, J., for the Court.
¶ 1. Kendrick Roberts, pro se, appeals an order of the Circuit Court of Yazoo County, Mississippi denying his petition for post-conviction relief. Aggrieved, Roberts perfected this appeal, raising the following issue as error:
THE LOWER COURT COMMITTED MANIFEST ERROR IN DENYING ROBERTS' MOTION FOR POST-CONVICTION RELIEF.
Finding no error, we affirm.

FACTS
¶ 2. On August 17, 1998, Roberts pled guilty to manslaughter. The Honorable Jannie Lewis found Roberts' guilty plea to be voluntarily, intelligently and knowingly made. Judge Lewis then sentenced Roberts to serve a term of twenty years in the custody of the Mississippi Department of Corrections. On August 9, 2001, Roberts petitioned the lower court for post-conviction relief. The lower court denied this petition.

ANALYSIS

DID THE LOWER COURT COMMIT MANIFEST ERROR IN DENYING ROBERTS' MOTION FOR POST-CONVICTION RELIEF?
¶ 3. In his petition for post-conviction relief, Roberts claims that he did not voluntarily and intelligently enter a plea of guilty and that he received ineffective assistance of counsel.
¶ 4. A plea of guilty is not binding upon a criminal defendant unless it is entered *792 voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Our supreme court held in Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992), in accord with Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a plea is "voluntary and intelligent" when the defendant is advised concerning "the nature of the charge against him and the consequences of the plea." Alexander, 605 So.2d at 1172. Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination. Boykin, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Further, Rule 8.04 of the Uniform Rules of Circuit and County Court Practice also requires that the trial judge determine that the defendant understands the maximum and minimum penalties to which he may be sentenced. URCCC § 8.04.
¶ 5. The record reflects that the lower court advised Roberts as to the nature of the charge against him, the consequences of the plea, and the maximum and minimum penalties to which he might be sentenced. Therefore, this assertion of error is without merit.
¶ 6. In support of his claim that he was subject to ineffective assistance of counsel, Roberts claims that his attorney did not disclose or make sufficient use of information about the lack of credibility and conflicting statements of Terry Carter, the State's main witness in the charges against Roberts, before Roberts entered his guilty plea. Roberts' claim is addressed under a two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by our supreme court in Stringer v. State, 454 So.2d 468, 476 (Miss. 1984). A successful completion of this test is paramount to Roberts' argument. Roberts bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985). Under Strickland and Stringer, Roberts must show that the counsel's performance was so deficient that it constituted prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The asserting party must also show that "but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Rankin v. State, 636 So.2d 652, 656 (Miss.1994).
¶ 7. Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984).
¶ 8. With this in mind, we find that Roberts received effective assistance of counsel. Therefore, this assertion is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY DENYING POST-CONVICTION RELIEF *793 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.