KING, P. J„
for the Court.
¶ 1. Dana Irons was convicted by the Kemper County Circuit Court of obtaining a controlled substance by fraud. Irons was sentenced to a term of five years in the custody of the Mississippi Department of Corrections, with three years suspended, and five years of supervised probation. Aggrieved, Irons appeals and raises the following issues which we quote verbatim:
I. Whether when the grand jury returns an indictment for an attempt to commit a crime, the court may not allow an amendment of the indictment and the case then be tried upon a charge of having committed the attempted crime.
II. Whether defendant was denied a fair trial and fundamental fairness when the judge overruled an objection to a leading question and remarked that the answer was “foundational” and further commented that the purported telephone call from the doctor’s office did not contain the truth.
III. Whether defendant is denied effective assistance of counsel when trial counsel fails to present a motion to dismiss for failure to grant a speedy trial, fails to object to comments by the trial judge, fails to object to denial of confrontation when hearsay was introduced on a material issue.
IV. Whether the weight and sufficiency of the evidence do not support a verdict of guilty of obtaining controlled substance by fraudulent prescription and defendant is entitled to a new trial.
FACTS
¶ 2. On August 21, 2000, at approximately 9:00 a.m., Jim VanDevender, a pharmacist at VanDevender Drugs in DeKalb, received a telephone call. The caller, a female, stated, “This is Becky from Dr. Hensleigh’s office in Butler, Alabama.” She then ordered 100 Lorcet 10/650 (Hy-drocodone, a schedule III controlled substance) for Dana Irons. As VanDevender began writing the information down, he looked at the caller ID and noticed that the call was from a Neshoba County phone number. After getting the information, VanDevender called the doctor’s office to verify the prescription. VanDevender testified that the doctor’s office did not call in this prescription.
¶ 3. VanDevender then reported this matter to the DeKalb Police Department and was instructed by Police Chief Jeff Jowers to fill the prescription and give it to Irons. According to VanDevender, Irons came in and asked if they had a prescription called in for her from Dr. Hens-leigh. VanDevender indicated that he did have the prescription and gave it to her. As Irons was leaving the store, Police Chief Jowers stopped her.
¶ 4. According to Irons, Jowers questioned her about the prescription, after which she was allowed to proceed on her way. Several days later, Irons was arrested and charged with attempting to obtain a controlled substance by fraud.
¶ 5. Detective Michael Oliver of the De-Kalb Police Department testified that on March 21, 2001, he informed Irons of her Miranda rights, she executed a waiver of those rights, after which she gave a statement. Irons testified that on the morning in question, she had stopped by the Texaco station and called the drug store to see if her prescription was ready. She then went to the drug store and picked it up.
¶ 6. Dr. Katherine Hensleigh testified that Irons had been treated by her from March 4, 1999 until July 10, 2000. She *729 stated that the last time a prescription was called in for Irons was June 16, 2000. Dr. Hensleigh indicated that Irons called her office on July 25, 2000, requesting a refill of Lorcet and that request was denied because it was too early to refill the prescription.
¶ 7. Irons denied having made a telephone call claiming to be a nurse from Dr. Hensleigh’s office to try and obtain a refill of her medication.
ISSUES AND ANALYSIS
I.
Whether the indictment was defective.
¶ 8. Irons asks this Court to reverse and remand this matter because the trial court should not have allowed the trial to proceed on the amended indictment. The amended indictment changed the charge from an “attempt” to obtain a controlled substance by fraud to one of “obtaining” a controlled substance by fraud.
¶ 9. Regarding the amendment of indictments, Rule 7.09 of the Uniform Rules of Circuit and County Court Practice states: All indictments may be amended as to form but not as to the substance of the offense charged.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised. Id. It has been construed that if both the defense and the evidence remain unhindered after the indictment has been amended, the amendment is considered one of form rather than substance. Chandler v. State, 789 So.2d 109(¶ 4) (Miss.Ct. App.2001). The well-established test in this jurisdiction for determining whether the defendant is prejudiced by the amendment depends on whether a defense as it originally stood would be equally available after the amendment is made. Id. The court must therefore determine whether the evidence presented would be equally applicable to the amended indictment. Id.
¶ 10. Irons was charged with violating Mississippi Code Annotated Section 41-29-144.[1] The proof of this charge remained the same, but more importantly, the defenses available to Irons remained the same. We find no merit to this issue.
II.
Whether the trial court erred in overruling Irons’ objections to leading questions.
¶ 11. Irons argues that the trial judge prejudicially disclosed his view of the evidence to the jury during VanDeven-der’s testimony when the defense objected to a leading question to the pharmacist regarding a telephone call.
¶ 12. The transcript reveals that the following occurred:
Q. Do you recall receiving a phone call from a Dr. Hensleigh’s office on that day?
BY MR. SMITH: Object, your Honor. Leading.
BY THE COURT: Well, I think it’s—
*730 BY MR. DAVIS: Predicate, Judge.
BY THE COURT: — foundational. Overruled.
Q. You can answer.
A. Yes, sir.
Q. Would you please tell the Court the circumstances or tell the jury the circumstances surrounding that phone call specifically as it involved the defendant, Dana Irons.
BY MR. SMITH: Your Honor, I object. It calls for hearsay.
BY MR. DAVIS: We’re not offering it for the truth of the matter asserted, Judge.
BY THE COURT: I don’t think he’s offering it for the truth of the matter asserted but the fact that the phone call was received. Objection’s overruled.
¶ 13. Irons claims that the judge expressed his belief of how critical the telephone call was and that it was not a call from the doctor’s office. She contends that the comment by the judge was more than an explanation of his ruling. In support of her position, Irons cites Thompson v. State, 468 So.2d 852, 854 (Miss.1985), where the supreme court noted that “[i]t is a matter of common knowledge that jurors, as well as officers in attendance upon court, are very susceptible to the influence of the judge. The sheriff and his deputies, as a rule, are anxious to do his bidding; and jurors watch closely his conduct, and give attention to his language, that they may, if possible, ascertain his leaning to one side or the other, which, if known, often largely influences their verdict. He cannot be too careful and guarded in language and conduct in the presence of the jury, to avoid prejudice to either party....” This is recognized in Mississippi Code Annotated Section 99-17-35, which states in part: “The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of the evidence.... ” Id. However, trial judges may explain their rulings on objections “so long as they do not comment upon the evidence in a prejudicial manner.” Lofton v. State, 818 So.2d 1229(¶ 10) (Miss.Ct.App.2002). Having reviewed the record, this Court does not find the trial judge’s explanation for his ruling to be an impermissible comment on the evidence, or a communication of his views.
III.
Whether Irons received effective assistance of counsel.
¶ 14. Irons contends that she received ineffective assistance of counsel for the following reasons: (1) counsel failed to present a motion to dismiss for failure to grant a speedy trial, (2) counsel failed to object to comments made by the trial judge, and (3) counsel failed to object to the denial of confrontation when hearsay was introduced on a material issue. To prevail on this issue, Irons must establish that (1) the performance of counsel was deficient and (2) she was prejudiced by counsel’s deficient performance. Day v. State, 818 So.2d 1196(1110) (Miss.Ct.App. 2002).
 ¶ 15. The first claim of ineffective assistance concerns a violation of the right to a speedy trial which would have required a hearing on the factors in Barker v. Wingo, 407 U.S. 514, 530-33, 92 S.Ct. 2182, 33 L.Ed.2d 101, (1972).[2] However, *731 this claim was not presented to the trial judge for review. This Court will not address an issue which has not been properly preserved for appeal. Bishop v. State, 771 So.2d 397(¶ 14) (Miss.Ct.App.2000).
¶ 16. Next, Irons claims that her attorney should have objected to the trial judge’s comments mentioned in issue two. With respect to the overall performance of the attorney, “counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall[s] within the ambit of trial strategy.” Roberts v. State, 820 So.2d 790(¶ 7) (Miss.Ct.App.2002). Because the attorney did not object when Irons thought he should have objected does not establish that the attorney’s performance was ineffective.
¶ 17. Finally, Irons argues that the entries made by the nurse at Dr. Hensleigh’s office were hearsay and that the nurse, or person that made the entries, should have been presented as a witness. Irons maintains that her attorney should not have allowed this information (exhibit 8) to be introduced. This exhibit was offered by her attorney and may be considered as trial strategy. Roberts, 820 So.2d 790 at (¶ 7). Having a trial strategy negates an ineffective assistance of counsel claim, regardless of counsel’s insufficien-cies. Hall v. State, 735 So.2d 1124(¶ 10) (Miss.Ct.App.1999), Therefore, we find that Irons has failed to prove her claim of ineffective assistance of counsel.
IV.
Whether the weight and sufficiency of the evidence support the verdict.
¶ 18. Irons argues that this was a circumstantial evidence case and the contradictions between her version and the State’s version do not support a guilty verdict.
¶ 19. In viewing the weight and sufficiency of the evidence, this Court adheres to the following: “In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.” Carter v. State, 803 So.2d 1191(¶ 5) (Miss.Ct.App.1999).
¶ 20. On the other hand, a challenge to the sufficiency of the evidence requires a determination that, as to one or more essential elements of the crime, the State’s evidence is so lacking that a fair-minded juror could only find the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 21. The evidence presented at trial revealed that on August 21, 2000, VanDe-vender received a phone call from an individual who indicated that she worked for Dr. Hensleigh. The individual called in a prescription for Dana Irons. Irons went to VanDevender Drugs and indicated that she came to pick up a prescription called in by Dr. Hensleigh’s office.
¶ 22. The State also offered Dr. Hens-leigh’s testimony that Irons contacted her office requesting a refill of Lorcet and that her office denied Irons’ request.
¶ 23. In opposition to the State’s evidence, Irons testified that she did not make a phone call to the drug store from the above number and did not realize that the phone number was listed to her address that same day. She acknowledged *732 calling the doctor’s office to verify whether she had another refill.
¶ 24. Applying the standards this Court is bound to follow in evaluating both the weight and sufficiency of the evidence, this Court finds no error and accordingly, we must affirm the trial court.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY OF CONVICTION OF OBTAINING A CONTROLLED SUBSTANCE BY FRAUD AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO KEMPER COUNTY.
BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., BRIDGES, LEE AND GRIFFIS, JJ.

. Mississippi Code Annotated Section 41-29-144 (Rev.2000) provides: (1) It is unlawful for any person knowingly or intentionally to acquire or obtain possession or attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge. (2) It is unlawful for any person knowingly or intentionally to possess, sell, deliver, transfer or attempt to possess, sell, deliver or transfer a false, fraudulent or forged prescription of a practitioner. (3) Any person who violates this section is guilty of a crime and upon conviction shall be confined for not less than one (1) year nor more than five (5) years and fined not more than one thousand dollars ($1,000.00) or both.

. The Barker court identified four factors which are to be considered in making such a determination: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay. No one factor is *731 dispositive; rather, they must be considered together on a case by case basis.