GILLESPIE, Chief Justice, for the Court:
Tried in the Circuit Court of Union County on an indictment charging burglary and larceny, Billy Ray Hudson was sentenced to a term of five years in the penitentiary.
O. O. Dillard was in the process of constructing a home in the Pinedale Community of Union County. Construction had reached the stage where the roof, windows and doors were installed. The house was locked. Dillard came to the construction site on April 29, 1972, and found a window open and a hole in the door. Some work tools and two vinyl rugs were missing. *649 Huey Hudson, defendant’s cousin, bought from defendant the two stolen vinyl rugs. Johnny Bolen, defendant’s co-worker, testified for the state that he and defendant went to the Dillard property where defendant kicked a hole in the door, entered the house, and the two men took the tools and rugs. The rugs were hidden in a thicket some miles away. Bolen made restitution to Dillard and was not indicted. Defendant denied the accusations and testified he bought from Bolen the two vinyl rugs sold to Huey Hudson.
Defendant assigns as error the action of the trial court in allowing the state to amend the date of the offense from “on or about May 15, 1972,” to “on or about April 29, 1972,” and in denying defendant a continuance to prepare a defense to the amended indictment. The court allowed the amendment and the proof established that the crime was discovered on April 29, 1972. The court was correct in allowing the amendment. The question is whether the court erred in denying defendant a continuance.
Defendant asserts in his brief that he had an ironclad alibi for the period “on or about May 15, 1972,” and that he had no time to prepare a defense to the amended charge. The test is whether the accused was prejudiced. Defendant failed to show any prejudice by the refusal of the court to grant the continuance. The judgment of conviction was entered on July 26, 1973, and on July 31, 1973, defendant’s motion for a new trial was filed and one of the many items therein was the contention that the court erred in refusing the motion of the defendant for a continuance.
The court entered an order taking the motion for a new trial under advisement and entered an order overruling the motion on January 28, 1974. The defendant had six months within which to offer proof that he was prejudiced by the refusal of the court to grant the continuance. If the defendant could have produced alibi witnesses had he been granted a continuance, this could have been shown on the hearing of the motion for a new trial, but no such evidence was offered and the record is silent in this respect. Absent any evidence that the defendant was prejudiced either by the amendment or the refusal of the trial court to continue the case, we find no merit in this assignment of error. Byrd v. State, 228 So.2d 874 (Miss.1969); Miss.Code 1972 Ann. § 99-17-13.
The other assignments of error have been carefully considered and are deemed without merit.
The Court, on its own motion, takes notice that the judgment of conviction sentenced the defendant to a term of five years in the Mississippi State Penitentiary for the offense of “larceny.” The judgment recites that he was arraigned and tried on an indictment of “burglary and larceny,” and the verdict of the jury found the defendant guilty as charged. Under the case of Bullock v. State, 222 So.2d 692 (Miss.1969), and the authorities therein cited, this sentence is error. The indictment in the present case was in one count and the charge of larceny in the indictment was not as a substantive offense but as demonstrative of burglarious intent. When the jury returned the verdict of guilty as charged to the indictment charging burglary and larceny, the proper sentence was on the charge of burglary. We think it apparent from this record and the words of the judgment that the sentence on a charge of larceny was a clerical or ministerial error on the part of the clerk in preparing the judgment. The word “larceny” is deleted from the sentence and the defendant stands convicted of burglary only.
Judgment of conviction affirmed as modified.
RODGERS, P. J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.