507 So.2d 898 (1987)
Jerry Ward SHIVE
v.
STATE of Mississippi.
No. 56929.
Supreme Court of Mississippi.
May 20, 1987.
*899 William O. Townsend, Pearl, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:

I.
Jerry Ward Shive appeals the judgment of the Circuit Court of the First Judicial District of Hinds County in which he was convicted of the crime of gratification of lust and sentenced to serve a term of eight years in the Mississippi Department of Correction, with five years suspended on supervised probation. As error he assigns the trial judge's failure to allow him to amend his indictment to read a lesser charge of simple assault; the state's failure to prove his intent to gratify his lust or indulge his depraved, licentious sexual desires; and finally that the verdict of the jury was contrary to the overwhelming weight of the evidence.
However, for the reasons stated below, we affirm the lower court decision.

II.
Appellant was indicted on July 9, 1985, for "gratifying his lust and indulging his depraved licentious sexual desires ... [on] the private parts of a certain child under the age of fourteen (14) years, to-wit: R.H."
Testimony at trial showed that on March 28, 1985, R.H., a nine-year-old female, was sitting on her bed doing her homework when the appellant entered her room. Despite her denial to his request that he be allowed to "rub her bottom", Shive proceeded to do it anyway. Further testimony showed this had occurred on numerous occasions over the course of one to two years. The child used a doll to demonstrate to the jury what she termed her "bottom": this proved to be the vaginal area.
Appellant's visit at the time in question was confirmed by the child's mother, and she did recall as well Shive having been in R.H.'s bedroom on that date.
Shive's testimony was that, while he did in fact touch her as alleged, it was to check for pin worms and/or to determine whether the child had suffered any abuse at the hands of her mother.
Shive stated he believed R.H. was being physically and mentally abused by her mother, so his "searches" were in an attempt to obtain evidence that she was an unfit mother. However, while he found no evidence of either kind of abuse, Shive continued to check anyway.
Following his indictment and trial, the jury returned a verdict of guilty. Shive filed a motion for judgment of acquittal notwithstanding the verdict or, in the alternative, *900 motion for a new trial. These motions were overruled, and Shive subsequently perfected this appeal.

III.
We address the issues presented to us in turn, and find that none merit any lengthy discussion.
As to the trial judge's failure to permit appellant to amend his indictment for the trial below, so that it might charge him with simple assault rather than gratification of lust, we note that in Mississippi, an indictment may only be amended for matters of form but not of substance. Copeland v. State, 423 So.2d 1333 (Miss. 1982); Miss. Code Ann. § 99-7-21 (1972). Further, the trial court cannot amend an indictment so as to change the charge made in the indictment to another crime, except by the action of the grand jury who returned the indictment. Jones v. State, 279 So.2d 650 (Miss. 1973); Bullock v. State, 391 So.2d 601 (Miss. 1981).
Finally, we add that an amendment to the indictment would well prove to be merely an idle gesture: what Shive actually desired was submission of the lesser charge for deliberation by the jury. This the trial court gave, therefore we find no merit to this error assigned.
Appellant's next argument in support of reversal of his conviction cites the State's failure to prove his intent in commission of the crime. He alleges that the proof as presented was insufficient to indict and convict him under the applicable statute on gratification of lust, Miss. Code Ann. § 97-5-23 (Supp. 1986), as amended.
This was an issue for the jury to resolve. In Shanklin v. State, 290 So.2d 625 (Miss. 1974), we said:
Intent to do an act or commit a crime is also a question of fact to be gleaned by the jury from the facts shown in each case. The intent to commit a crime or to do an act by a free agent can be determined only by the act itself, surrounding circumstances, and expressions made by the actor with reference to his intent.
Shanklin, at 627.
Too, criminal intent may be proved by circumstantial evidence. Stinson v. State, 375 So.2d 235 (Miss. 1979). Intent may be determined from the acts of the accused and his conduct and inferences of guilt may be fairly deducible from all the circumstances. Newburn v. State, 205 So.2d 260 (Miss. 1967).
We believe the circumstances of this case amply support the State's having met its burden of proof under § 97-5-23, and as such allowed the jury to infer the requisite intent.
Finally, we turn to Shive's last charge that the verdict of the jury was contrary to the overwhelming weight of the evidence, although appellant cites no law in support of this assignment of error. This Court requires counsel not only to make a condensed statement of the case, but also to support propositions of law with reasons and authorities. Pate v. State, 419 So.2d 1324 (Miss. 1982). See also, Kelly v. State, 463 So.2d 1070 (Miss. 1985); Redmond v. State, 457 So.2d 1344 (Miss. 1984); Smith v. State, 430 So.2d 406 (Miss. 1983); Gandy v. State, 373 So.2d 1042 (Miss. 1979).
However, were we to address appellant's assertion, the standard for determining this issue is as follows:
While the request for a peremptory instruction or the subsequent motion for judgment of acquittal notwithstanding the verdict presents to the trial court a pure question of law, the motion for a new trial is addressed to the trial judge's sound discretion. May v. State, 460 So.2d 778, 781 (Miss. 1984); Neal v. State, 451 So.2d 743, 760 (Miss. 1984). The motion invokes Rule 5.16 of our Uniform Criminal Rules of Circuit Court Practice which authorizes the trial judge to grant a new trial if required in the interest of justice or if the verdict is contrary to law or the weight of the evidence. Under our established case law, however, the trial judge should set aside a jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial *901 weight of the evidence. May v. State, 460 So.2d 778, 781 (Miss. 1984); Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983); Pearson v. State, 428 So.2d 1861, 1364 (Miss. 1983).
Gavin v. State, 473 So.2d 952, 956 (Miss. 1985).
We find no such abuse of discretion and accordingly affirm.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.