789 So.2d 109 (2001)
Marlon CHANDLER a/k/a Marlon Gregory Chandler, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00170-COA.
Court of Appeals of Mississippi.
June 12, 2001.
*110 David H. Strong Jr., McComb, for Appellant.
Office of the Attorney General by Billy L. Gore, for Appellee.
Before KING, P.J., LEE, and CHANDLER, JJ.
LEE, J., for the Court:
¶ 1. This appeal is from the Circuit Court of Pike County where an unanimous jury found the appellant, Marlon Chandler, who was forty-one years old, guilty of sexually battering J. T., a five-year-old female. The trial court sentenced him to a term of fifteen years in the custody of the Mississippi Department of Corrections, the last five years of the sentence to be served on post-release supervision. The trial court denied his motion JNOV, or in the alternative, motion for a new trial, and Chandler now appeals to this Court. The sole issue is whether the trial court erred in allowing the indictment to be amended at the end of the trial at the request of the State. Finding that the trial court was not in error in having amended the indictment, we affirm.

RELEVANT FACTS AND DISCUSSION
¶ 2. A two count indictment charged Chandler with sexual battery on March 12, 1999, constituting parts of a common scheme or plan pursuant to Mississippi Code Annotated section 97-3-95(1)(d). That section states:
(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: ...
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
MISS.CODE ANN. § 97-3-95(1)(d)(Rev.2000). The law on sexual battery is clear. Sexual penetration for the purposes of this statute includes "any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." MISS.CODE ANN. § 97-3-97 (Rev.2000); Eakes v. State, 665 So.2d 852, 871 (Miss.1995).
¶ 3. The relevant portions of Count One of the indictment allege that Chandler
did wilfully, unlawfully and feloniously engage in sexual penetration against the will and without the consent of J.T., a female child under the age of fourteen years, by then and there wilfully, unlawfully and feloniously inserting his penis into the vagina of the said J.T., contrary to and in violation of Section 97-3-95 [(1)](d) of the Mississippi Code....
*111 At the close of the State's case-in-chief, at the State's request, the court entered an order of nolle prosequi as to Count One. In addition, the State, over Chandler's objection, was allowed to amend Count Two of the indictment by eliminating certain language because the testimony of J.T. and the therapist assigned to J.T.'s case, who had interviewed her, pointed to acts of fellatio rather than digital penetration, as stated in Count Two of the indictment. The relevant portions of Count Two, with the eliminated portions stricken, reads as follows:
... did wilfully, unlawfully and feloniously engage in sexual penetration against the will and without the consent of J.T., a female child under the age of fourteen years, by then and there wilfully, unlawfully and feloniously inserting his finger into the vagina of the said J.T., contrary to and in violation of Section 97-3-95 [(1)](d) of the Mississippi Code ...
¶ 4. Regarding the amendment of indictments, Rule 7.09 of the Uniform Rules of Circuit and County Court Practice states:
All indictments may be amended as to form but not as to the substance of the offense charged.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
It has been construed that if both the defense and the evidence remain unhindered after the indictment has been amended, the amendment is considered one of form rather than substance. Griffin v. State, 540 So.2d 17, 21 (Miss.1989); Doby v. State, 532 So.2d 584, 586 (Miss. 1988); Reed v. State, 506 So.2d 277, 279 (Miss.1987). Put another way, the amendment to an indictment must be of form and not substance to be permissible. Akins v. State, 493 So.2d 1321, 1322 (Miss.1986); Contreras v. State, 445 So.2d 543, 545 (Miss.1984). An indictment may be changed if the change does not materially alter facts which are the essence of the offense on the face of the original indictment or if the change does not materially alter a defense to the original indictment so as to prejudice the defendant's case. Shelby v. State, 246 So.2d 543, 545 (Miss. 1971). The well-established test in this jurisdiction for determining whether the defendant is prejudiced by the amendment depends on whether a defense as it originally stood would be equally available after the amendment is made. Shive v. State, 507 So.2d 898, 900 (Miss.1987). The court must therefore determine whether the evidence presented would be equally applicable to the amended indictment.
¶ 5. Chandler asserts that the portion stricken from Count Two of the indictment regarding digital penetration was substantive and required him to defend against broader charges. He claims that the change in the indictment interrupted his defense strategy, requiring him to defend a broader charge of sexual penetration rather than the specific charge of digital penetration. The Mississippi Supreme Court has held that there is no merit to a claim that an amendment to an indictment has prejudiced the defendant if the defendant fails to offer evidence that he could have produced a stronger defense had the indictment had not been amended. Givens v. State, 730 So.2d 81, 87-88 (Miss.Ct.App. 1998); Hudson v. State, 311 So.2d 648, 649 (Miss.1975). Not having presented such evidence, we fail to find that Chandler suffered prejudice as a result of the State's having amended the indictment.
¶ 6. The opening statement of the defense expressed as its trial strategy a general denial that Chandler had sexually abused the child in any manner and nothing in the record indicates that Chandler *112 intended to present evidence specifically defending himself against digital penetration. We also note that the amendment did not change the offense with which Chandler was charged nor did it add elements to the offense charged in the original indictment. Shive, 507 So.2d at 900. From our review of the facts established by the evidence in the record, this Court finds that Chandler's defense of general denial of any sexual abuse was not prejudiced by the amendment made in Count Two of the indictment. Nor can Chandler successfully claim that he was surprised by the amendment, thereby conflicting with Rule 7.09, since his counsel had been provided with a transcript of J.T.'s statement to her therapist, which stated that Chandler had engaged in fellatio, as opposed to digital penetration, with J.T. Chandler did not seek a continuance after having learned of the amendment nor did he raise the matter in his motion for JNOV or, in the alternative, for a new trial.
¶ 7. In addition, a party is expressly allowed to amend an indictment during trial to correct a variance between the proof and the indictment where the amendment is to an immaterial matter and the defendant cannot be prejudiced thereby in his defense. MISS.CODE ANN. § 99-17-13 (Rev.2000); Jackson v. State, 450 So.2d 1081, 1082 (Miss.1984); Bingham v. State, 434 So.2d 220, 223 (Miss.1983); Evans v. State, 425 So.2d 1043, 1044-45 (Miss.1983). Chandler's defense to the indictment, a general denial, was equally available to him in his defense to the indictment in its amended form as it was in its original form. Hennington v. State, 702 So.2d 403, 408 (Miss.1997). Penetration is the essence of the crime of sexual battery and the amendment did not materially alter the facts which were the essence of the offense on the face of the indictment as it originally stood so as to prejudice Chandler's defense. Id. The amendment did not change the crime charged nor add new elements to the charge of sexual battery since the method of achieving sexual penetration is not an element of the offense. Chandler cannot credibly claim he did not know for what crime he was being tried. Miller v. State, 740 So.2d 858, 863 (¶ 14) (Miss.1999).
¶ 8. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence. Foster v. State, 639 So.2d 1263, 1281 (Miss. 1994). Having found no such error, we affirm.
¶ 9. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; WITH TEN YEARS TO SERVE WITH THE REMAINING FIVE YEARS TO BE SERVED ON POST RELEASE SUPERVISION; TO PAY $1,000 TO THE CRIME VICTIMS COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur.