827 So.2d 731 (2002)
Sherman OBY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01636-COA.
Court of Appeals of Mississippi.
October 1, 2002.
*732 David Clay Vanderburg, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., LEE, MYERS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Sherman Oby was convicted of possession of cocaine by the Circuit Court of Panola County. On October 12, 2001, Oby was sentenced as a habitual offender to life in the custody of the Mississippi Department of Corrections without the possibility of parole under Mississippi Code Annotated § 99-19-83 (Rev.2000). Aggrieved, Oby appeals to this Court and makes three allegations of error. Firstly, Oby argues the trial court should not have admitted into evidence testimony from Oby's prior revocation hearing. Secondly, Oby argues his sentence of life without the possibility of parole is grossly disproportionate to the *733 crime of possession of cocaine. Thirdly, Oby argues the trial court erred when it did not direct a verdict for acquittal on the grounds that the crack cocaine in evidence weighed .55 grams while the indictment was for possession of more than two grams but less than ten grams.
¶ 2. In a motion pro se, Oby attempts to persuade this Court to rule on a motion in the trial court requesting substitute appellate counsel. The record indicates that the trial court never ruled on that motion. It is the movant's responsibility to obtain a ruling from the trial court on motions he filed and failure to do so constitutes a waiver of same. Martin v. State, 354 So.2d 1114, 1119 (Miss.1978). Since Oby did not obtain a ruling on his motion in the trial court, the issues Oby raises in his motion in this Court are not properly before the Court and will not be considered.

FACTS
¶ 3. Shortly after 11:00 p.m. on October 16, 2000, Sherman Oby was sitting in a car parked on the edge of a cemetery on Carlisle Road in Panola County, Mississippi. Officer West, working undercover for the Panola-Tate Narcotics Task Force, pulled up beside Oby, exited his vehicle, and instructed Oby to show his hands. Oby fumbled with something between the driver's seat and the door. Then he began driving south on Carlisle Road. West turned on his emergency lights and pursued Oby. West saw Oby throw a plastic bag and other objects out of the car window. West called for backup. A sheriff's car arrived and blocked Oby from turning down an intersecting road. West's car struck Oby's car twice as West tried to block Oby's escape. Oby eventually stopped in the area where the chase began and West arrested him. West searched the roadside where he had seen Oby throw the objects from his car and found three rocks of crack cocaine inside a plastic bag.

LAW AND ANALYSIS

I. DID THE TRIAL COURT IMPROPERLY ADMIT INTO EVIDENCE OBY'S TESTIMONY AT A PRIOR REVOCATION HEARING?
¶ 4. Oby argues the trial court improperly allowed the State to introduce his testimony from a prior revocation hearing. At the hearing Oby explained that he was parked at the cemetery to meet a woman in order to swap crack cocaine for sex. This contradicted his trial testimony that he was there to meet a woman for sex, but that he did not have any crack cocaine. At trial, Oby preserved objections to admission of this evidence on the grounds of hearsay and relevance. The trial court admitted the statements as party admissions under Mississippi Rule of Evidence 801(d)(2), and the State used the testimony to impeach Oby on cross-examination.
¶ 5. In his brief, Oby makes only broad assertions the testimony is hearsay and is not relevant. Rule 801(d)(2) excludes from hearsay any statement offered against a party that is "his own statement, in either his individual or his representative capacity." M.R.E. 801(d)(2). As the defendant, Oby is a party-opponent. Therefore, his testimony falls within this exception. Conley v. State, 790 So.2d 773, 787 (¶ 43) (Miss.2001).
¶ 6. Oby's objection that the evidence was not relevant was overruled by the trial court. A trial court has broad discretion regarding admissibility of evidence, and its decision can only be reversed if abuse of discretion is shown. Terrain Enter. v. Mockbee, 654 So.2d 1122, 1131 (Miss.1995). Oby offers no facts to show the trial court abused its discretion. Therefore, this issue is without merit.

*734 II. IS THE SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE FOR THE CRIME OF POSSESSION OF COCAINE CRUEL AND UNUSUAL PUNISHMENT?
¶ 7. Oby argues that his sentence of life without the possibility of parole for possession of .55 grams of cocaine is cruel and unusual punishment prohibited by Article 3, § 28 of the Mississippi Constitution. Oby objected on this ground at sentencing. He argues the sentence is cruel and unusual because it is grossly disproportionate to the crime. For support Oby cites Clowers v. State, 522 So.2d 762 (Miss.1988).
¶ 8. In Clowers, the defendant was convicted of forgery, and was subject to a mandatory maximum sentence of fifteen years without parole as a habitual offender. Id. at 763. The trial court found that sentence disproportionate to the crime of forgery and imposed a five year sentence. Id. The Mississippi Supreme Court affirmed, holding that, notwithstanding the trial court's lack of sentencing discretion under the habitual offender statutes, the trial court has authority to review a sentence for constitutional proportionality. Id. at 765. In the case sub judice, Oby argues the trial court should have used this authority and held his sentence unconstitutional.
¶ 9. This Court has noted that Clowers is "not the rule, but the exception." Bell v. State, 769 So.2d 247, 252 (¶ 12) (Miss.Ct.App.2000). "As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal." Id. at (¶ 9). However, when a threshold comparison of the crime to the sentence leads to an inference of "gross disproportionality," the reviewing court will conduct a proportionality analysis using three factors from Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Hoops v. State, 681 So.2d 521, 538 (Miss.1996). The three factors are 1) gravity of the offense and the harshness of the penalty; 2) sentences imposed on other criminals in the same jurisdiction; and 3) sentences imposed for the commission of the same crime in different jurisdictions. Solem, 463 U.S. at 292, 103 S.Ct. 3001.
¶ 10. The Mississippi Supreme Court applied the proportionality analysis in Wall v. State, 718 So.2d 1107, 1114-15 (¶¶ 29-30) (Miss.1998). Wall was convicted of possession of a controlled substance and sentenced to life without the possibility of parole as a habitual offender. Id. at (¶ 29). The Mississippi Supreme Court conducted the threshold proportionality inquiry and upheld Wall's sentence without conducting the extended proportionality review from Solem. Id. at (¶ 30).
¶ 11. In its inquiry, the Wall court examined the United States Supreme Court case of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Id. at (¶¶ 29-30). Rummel was convicted of a non-violent felony and sentenced to life in prison with the possibility of parole under a recidivist statute as a third-time felon. Rummel, 445 U.S. at 264, 100 S.Ct. 1133. The court held that Rummel's sentence was not disproportionate to the crime in violation of the Eighth Amendment though the total loss from the three felonies was less than $250. Id. at 285, 100 S.Ct. 1133. In Wall, the Mississippi Supreme Court reasoned that given the result in Rummel, Wall's sentence of life without parole was not grossly disproportionate to the crime of possession of a controlled substance. Wall, 718 So.2d at 1114-1115 (¶ 30).
¶ 12. Oby contends that life imprisonment is grossly disproportionate punishment for mere possession of cocaine. This contention is thwarted by the scope of *735 the proportionality inquiry. The correct proportionality analysis for a habitual offender sentence does not consider the present offense alone, but within the habitual offender statute. Bell, 769 So.2d at 251 (¶ 9) (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.1992)). Oby's situation parallels the Wall case. Both Wall and Oby were convicted for possession of a controlled substance and sentenced as habitual offenders because of prior convictions for one violent felony and one nonviolent felony. On its threshold inquiry, the Wall court found that the sentence of life without parole was not grossly disproportionate to a habitual offender's crime of possession of a controlled substance. Wall, 718 So.2d at (¶ 30). Oby's claim is without merit.

III. SHOULD THE TRIAL COURT HAVE DIRECTED A VERDICT FOR ACQUITTAL BECAUSE THE CRACK COCAINE IN EVIDENCE WAS .55 GRAMS AND OBY'S INDICTMENT WAS FOR MORE THAN TWO GRAMS, BUT LESS THAN TEN GRAMS?
¶ 13. The weight of the crack cocaine introduced as evidence against Oby at trial was .55 grams. Oby's indictment was for possession of cocaine, more than two grams but less than ten grams. At the close of the State's case-in-chief, Oby moved for a directed verdict on the ground that the State failed to prove the offense in the indictment. The State responded that whoever prepared the indictment made a mistake, and that changing the indictment to conform to the proof affects the penalty for possession of cocaine, not the crime itself. The trial court denied Oby's motion and entered an order amending the indictment to conform to the proof. The amended indictment charged Oby with possession of cocaine, more than .1 gram but less than two grams.
¶ 14. Rule 7.09 of the Uniform Rules of Circuit and County Court Practice states that an indictment can be amended "as to form but not as to substance of the offense charged. Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised." Oby argues that amendment of the weight of the cocaine goes to the substance of the offense. The State argues the amendment is one of form.
¶ 15. The test for determining whether a change to an indictment is one of form or one of substance is well established. Shelby v. State, 246 So.2d 543, 545 (Miss.1971). An amendment to an indictment goes to form rather than substance "if the change does not materially alter facts which are the essence of the offense on the face of the original indictment or if the change does not materially alter a defense to the original indictment so as to prejudice the defendant's case." Chandler v. State, 789 So.2d 109, 111 (¶ 4) (Miss.Ct. App.2001).
¶ 16. In this case, the essence of the offense is possession of cocaine, and the weight involved only affects the penalty imposed. Possession of a controlled substance is criminalized by Mississippi Code Annotated § 41-29-139(c) (Rev. 2001). Penalties for possession are "based on ... weight of the controlled substance....." Id. The amendment affected the penalty only, and did not alter the essence of the offense by adding any new elements to the charge of possession of cocaine. See Miller v. State, 740 So.2d 858, 863 (¶ 14) (Miss.1999).
¶ 17. Oby's case was not prejudiced by the amendment. A defendant has not been prejudiced when a defense as it originally stood is equally available after *736 the amendment is made. Chandler, 789 So.2d at 111 (¶ 4). Oby's defense was a general denial of possession of cocaine, and this general denial defense was equally available to him in his defense to the indictment in its amended form as it was in its original form. See Id. The amendment was one of form; therefore, the trial court correctly amended the indictment to conform to the proof.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.