BRIDGES, J.,
for the court.
¶ 1. The grand jury of Pike County indicted Larry Martin on one count of unlawful sale of cocaine. The Circuit Court of Pike County convicted Martin of the charge and sentenced him to fourteen years in the custody of MDOC, and two years of post-release supervision. Martin was fined $5,000, and ordered to pay restitution of $220, as well as the court costs. Martin appealed.
STATEMENT OF ISSUES
I. DID THE COURT ERR IN GRANTING THE STATE’S MOTION TO AMEND THE INDICTMENT?
*613 II. DID THE COURT ERR IN DENYING MARTIN’S MOTION FOR A CONTINUANCE?
III. DID MARTIN RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
IV. WAS MARTIN DENIED DUE PROCESS OF LAW?
FACTS
¶ 2. Larry Martin met with Scott Frazier, who was working undercover for the Mississippi Bureau of Narcotics, at a convenience store in McComb, Mississippi, ostensibly to recover a $200 debt owed him by Frazier’s aunt, Marc Ann Frazier. Earlier that day, Marc Ann Frazier had called Martin and told him to meet Frazier at the TG Mini Mart in McComb. Scott Frazier told Martin to drive to Industrial Park Road in McComb, where Frazier approached Martin’s car and gave him $200. Martin gave Frazier a container wherein was 3.5 grams of crack cocaine. Together with Martin in his car was his uncle, L.C. Tobias, a resident of Jackson.
ANALYSIS
I. DID THE COURT ERR IN GRANTING THE STATE’S MOTION TO AMEND THE INDICTMENT?
¶ 3. The State is permitted to amend the indictment only to the extent that the emendation is limited to the form of the indictment, and not the substance of the charge. URCCC 7.09. An amendment is one of form, and not of substance if the defense and evidence “remain unhindered after the indictment has been amended.” Chandler v. State, 789 So.2d 109, 111(¶ 4) (Miss.Ct.App.2001).
¶ 4. The State had originally identified the wrong location for the sale of cocaine, placing it near the Mormon church in McComb, rather than its correct locale, near the Sweet Home Missionary Baptist Church. Martin argues that since the incorrect church was identified in the indictment, the emendation on the eve of trial was one of substance. However, Martin’s defense was not based on where the sale of cocaine took place; Martin in fact conceded the meeting with Scott Frazier. Martin’s sole defense was that there was no sale of cocaine, but satisfaction of a debt taking place at the meeting. Martin claimed at trial that he was meeting Frazier so that Frazier could satisfy a debt owed to Martin by Frazier’s aunt, Marc Ann Frazier.
¶ 5. Significantly, the amendment to the indictment does not change the nature of the crime Martin is charged with. It merely restates the portion of the indictment that includes the sentence enhancement for sale of cocaine within 1500 feet of a church. The crime Martin was charged with remained the unlawful sale of cocaine for a sum of $200, on the same day. Martin fails to name any witnesses that he would have called to his defense in his brief; Martin also fails to describe the testimony he expected them to elucidate. Finally, unless Martin on more than one occasion on December 28, 1998, in Pike County met with Scott Frazier to complete a transaction of any kind involving the discrete sum of $200, it is difficult for this Court to understand how he could be confused about the charges brought against him, since none of these facts are contested in Martin’s brief.
¶ 6. Additionally, Martin does not explain how his defense was prejudiced by the emendation. His brief on appeal does not explain the changes, if any, that his defense suffered from the change in the indictment. The emendation of the indictment went not to the substance of the indictment, but to its form, as is permissi *614 ble. Consequently, we find that this assignment of error is meritless.
II. ' DID THE COURT ERR IN DENYING MARTIN’S MOTION FOR A CONTINUANCE?
¶ 7. Motions for a continuance are within the sound discretion of the trial court. Hardiman v. State, 776 So.2d 723, 727(¶ 19) (Miss.Ct.App.2000). The judgment of the trial court denying a motion for a continuance will not be reversed except for an abuse of discretion. Id. Martin contends that he was denied the right to present witnesses in his defense, due to the amendment of the indictment against him. However, Martin did not present any evidence of the prospective witnesses’ testimony, either at the motion hearing or on appeal. Absent this evidence this Court must affirm the judgment of the court below denying a continuance. Id.
III. DID MARTIN RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 8. Martin alleges that his attorney at trial and for this appeal did not represent him effectively. All claims of ineffective assistance of counsel must pass a two-part test; first, Martin must demonstrate that counsel’s representation was defective; second, Martin must be able to show that defect was so prejudicial that he did not receive a fair trial. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Martin’s claim is that counsel failed to secure a proper record of voir dire as part of the appeal.
¶ 9. However, Martin raises no colorable claim of judicial error in the voir dire process. Martin states that the jury was impaneled and in the courtroom during Martin’s motion for a continuance. In fact, the motion was heard in chambers prior to the impaneling of the jury. Martin also alleges that his attorney did not properly designate the record. The record belies this, as counsel’s designation of the record on appeal contains the following phrase: “all proceedings, oral and documentary.”
¶ 10. Martin’s claims patently fail the first part of the test for claims of ineffective assistance of counsel, because they do not demonstrate a defective performance, much less any prejudice that could arise from such a performance. Accordingly, we find that Martin received effective assistance of counsel.
IV.WAS MARTIN DENIED DUE PROCESS OF LAW?
¶ 11. Martin raises two due process claims: that his attorney failed to secure an appeal bond on a bondable offense, and that the jury selection process was not adequately reflected in the record. We will deal with each claim separately.
¶ 12. Martin assigns as error the failure of his attorney to file a motion for an appeal bond. Martin, however, made a pro se motion for an appeal bond before the time for an appeal to be filed had run. Further, Martin provides no evidence of counsel’s resistance to a motion for an appeal bond. Additionally, Martin’s attorney filed a brief on appeal that is the work of a zealous advocate.
¶ 13. Martin also assigns as error counsel’s failure to designate the actual selection of the petit jury from the jury pool as part of the appeal record as a violation of due process. We are mystified as to the source of this novel claim and Martin’s thankless raillery against his own attorney; however, we shall examine it for the sake of completeness. Martin claims that he was denied due process in jury selection, because a juror who stated that he could not be impartial, Robert Sanders, was struck for cause, and the trial record on appeal did not reflect this.
*615 ¶ 14. However, Martin raises no color-able claims regarding the jury, and per Martin’s motion to supplement the record, the Mississippi Supreme Court ordered that the record be supplemented by the complete jury selection process. The supplemented record clearly indicates that Sanders, as well as several other potential jurors, were struck for cause. We find that there was no violation of due process.
CONCLUSION
¶ 15. For the foregoing reasons, we affirm the judgment of the Pike County Circuit Court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF UNLAWFUL SALE OF COCAINE WITHIN 1,500 FEET OF A CHURCH AND SENTENCE OF SIXTEEN YEARS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOURTEEN YEARS TO SERVE AND TWO YEARS OF POST RELEASE SUPERVISION, FINE OF $5,000, AND RESTITUTION IN THE AMOUNT OF $220 TO THE MISSISSIPPI BUREAU OF NARCOTICS IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.