ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. Vincent Carnell Hudson was convicted of possession of less than 0.10 gram of cocaine in violation of Mississippi Code Annotated section 41 — 29—139(c)(1)(A) (Rev. 2005). Because Hudson was found to be a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007), the Winston County Circuit Court sentenced Hudson to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole. Hudson filed an unsuccessful post-trial motion for a judgment notwithstanding the verdict (JNOV) or, alternatively, for a new trial. Aggrieved, Hudson appeals and claims the evidence against him was insufficient to convict him. Additionally, Hudson claims his sentence is cruel and unusual. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. At approximately 4:00 p.m. on February 6, 2007, Hudson and his brother, Hillute Hudson (Hillute), were traveling on a county road near Louisville, Mississippi. Hudson was a passenger in Hillute’s car. Officer Patrick Estes with the Louisville Police Department stopped Hillute for speeding. Hillute pulled over and got out of his car. Hillute attempted to walk toward Officer Estes, but Officer Estes told Hillute to return to his car. Meanwhile, Officer Estes noticed Hudson moving in the passenger’s seat.
 

 ¶ 3. Officer Estes ran a background check on Hillute. That background check revealed that Hillute had a suspended driver’s license and an outstanding warrant for his arrest. As Officer Estes sat in his patrol car writing citations, Officer Estes noticed that Hudson “kept looking back toward [his] position and at one time
 
 *3
 
 reached back in the back seat of the car that he was riding in.”
 

 ¶ 4. Officer Estes walked back to Hil-lute’s car and informed Hillute that he was under arrest for driving with a suspended license. Officer Estes also informed Hil-lute that there was an active warrant for his arrest. When Officer Estes searched Hillute, he found marijuana in a cigarette package.
 

 ¶ 5. After he secured Hillute, Officer Estes asked Hudson, who had an open container of alcohol, to step out of the car, placed him in handcuffs, and secured him in the patrol car. Officer Estes searched Hillute’s car and found a bag in the back seat. That bag was in the vicinity of the area that Officer Estes saw Hudson reach. Upon closer inspection, Officer Estes found that the bag contained crack cocaine, methylenedioxymethamphetamine (colloquially known as “eestacy”), and marijuana.
 

 ¶ 6. Hudson was taken to the Winston County Jail, and his clothes were seized. The Mississippi Crime Laboratory tested Hudson’s clothing and later reported that “trace” amounts of cocaine were found on Hudson’s clothes.
 

 ¶ 7. On April 24, 2007, Hudson was indicted on four counts of drug possession. Specifically, Hudson was charged with (1) possession of cocaine in an amount greater than ten grams, (2) possession of eight dosage units of ecstacy, (3) possession of less than thirty grams of marijuana, and (4) possession of less than 0.10 gram of cocaine. Hudson pled “not guilty” and later went to trial on November 1, 2007.
 

 ¶ 8. The jury found Hudson not guilty of the first three charges of the indictment. However, the jury found Hudson guilty of possession of less than 0.10 gram of cocaine. The prosecution then presented evidence that Hudson was a habitual offender pursuant to Mississippi Code Annotated section 99-19-83.
 
 [1]
 
 Accordingly, the circuit court sentenced Hudson to life imprisonment in the custody of the MDOC without eligibility for parole. Hudson filed an unsuccessful post-trial motion for a JNOV or, alternatively, for a new trial. Aggrieved, Hudson appeals.
 

 ANALYSIS
 

 I. SUFFICIENCY OF THE EVIDENCE
 

 ¶ 9. Hudson claims the evidence was insufficient to convict him. In reviewing the sufficiency of evidence, we must determine “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Gray v. State,
 
 926 So.2d 961, 968(¶ 15) (Miss.Ct.App.2006). This Court will reverse the circuit court’s decision to uphold a jury’s verdict only if we find that the circuit court abused its discretion.
 
 Id.
 

 ¶ 10. Hudson notes that pursuant to section 41-29-139(c)(l)(A) he could only be found guilty upon a demonstration of two criteria: (1) knowledge and (2) intent. According to Hudson, because the amount of cocaine was so insignificant that it could not be seen with the naked eye, the evidence failed to demonstrate beyond a reasonable doubt that he knew he possessed cocaine. Hudson’s rationale fails because Brandy Goodman, the Mississippi Crime Laboratory forensic examiner who tested Hudson’s clothing, testified that she found cocaine in Hudson’s shirt pocket and in one pocket of Hudson’s pants. Hudson
 
 *4
 
 was wearing those clothes at the time Officer Estes saw him reaching in the vicinity of a bag that contained cocaine, ecstacy, and marijuana. Hudson was also wearing those clothes at the time he was arrested. Goodman also testified that although she was not able to weigh the cocaine, it
 
 was
 
 visible with the naked eye. A reasonable fact-finder could infer that Hudson possessed the cocaine found in his pockets because it was found in the clothes he was wearing when he was arrested.
 

 ¶ 11. Hudson also claims that the prosecution failed to present evidence that he was wearing his own clothing. However, the jury could have reasonably concluded that, absent evidence to the contrary, Hudson was wearing his own clothes. Finally, Hudson claims that because there was insufficient proof of the requisite knowledge element, there was also insufficient proof of the intent to possess element. Hudson’s argument relies on a finding that there was insufficient evidence of the knowledge element. As we have addressed that argument and found it lacking, there is no merit to Hudson’s argument regarding the intent element. Suffice it to say, under the circumstances, we cannot find that the circuit court abused its discretion when it denied Hudson’s motion for a JNOV.
 

 II. SENTENCING
 

 ¶ 12. Hudson argues that his sentence is excessive. According to Hudson, “a term of life imprisonment for a trace amount of cocaine is unconstitutionally excessive under the Eighth Amendment.” As we review this issue, we are mindful that “where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual.”
 
 Gray,
 
 926 So.2d at 979(¶ 63) (quoting
 
 Tate v. State,
 
 912 So.2d 919, 933(1148) (Miss.2005)). “When a sentence is grossly disproportionate to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment.”
 
 Id.
 
 (internal quotations omitted).
 

 ¶ 13. A criminal sentence must not be disproportionate to the crime for which the accused is found guilty.
 
 Solem v. Helm,
 
 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (overruled in part by
 
 Harmelin v. Michigan,
 
 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). This Court has stated that the Mississippi Supreme Court, in
 
 Hoops v. State,
 
 681 So.2d 521, 538 (Miss.1996), determined that
 
 Hannelin,
 
 501 U.S. at 991-92, 111 S.Ct. 2680 “makes [it] clear that the three[-]prong analysis of
 
 Solem
 
 is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross dispropor-tionality.”
 
 Williams v. State,
 
 784 So.2d 230, 236(¶ 15) (Miss.Ct.App.2000) (internal quotations omitted). “Absent this initial showing, our appellate courts will not employ the three-prong
 
 Solem
 
 analysis.”
 
 Id.
 
 (citing
 
 Young v. State,
 
 731 So.2d 1120, 1125(¶ 21) (Miss.1999)).
 

 ¶ 14. Hudson’s sentence of life without parole, which was mandatory under the circumstances, did not arise solely from his conviction of possession of cocaine. Hudson was sentenced to life without parole for his status as a habitual offender with a record as a violent offender. “The correct proportionality analysis for a habitual offender sentence does not consider the present offense alone, but within the habitual offender statute.”
 
 Oby v. State,
 
 827 So.2d 731, 735(¶ 12) (Miss.Ct.App.2002). A “sentence of life without parole [is] not grossly disproportionate to a habitual offender’s crime of possession of a controlled substance.”
 
 Id.
 
 (citing
 
 Wall v. State,
 
 718 So.2d 1107, 1114(¶30) (Miss.1998)).
 

 ¶ 15. Additionally, a proportionality analysis requires an examination
 
 *5
 
 of three factors: “(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.”
 
 Gray,
 
 926 So.2d at 979(¶ 63). Hudson only addressed the first factor. When an appellant fails to address all three factors of the proportionality analysis, the appellant’s claim is procedurally barred on appeal.
 
 Id.
 
 at 979-80(¶ 64). Accordingly, we find no merit to this issue.
 

 ¶ 16. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF LESS THAN 0.10 GRAM OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Hudson had previous convictions for (1) felony shoplifting, (2) possession of heroin, (3) aggravated assault on a law enforcement officer, (4) armed robbery, and (5) felony driving under the influence.