OWEN, Judge.
Appellant was charged with possession of narcotics. He withdrew a previously entered plea of not guilty and entered a plea of nolo contendere which the court accepted. Thereafter, on July 30, 1971, he was adjudged guilty and sentenced. On August 2 he filed his motion to vacate the judgment and sentence, alleging in essence that the plea was involuntarily entered because he had been led to believe by the state that he would receive probation if he *108 withdrew his not guilty plea and entered the plea of nolo contendere. The motion to vacate was :still pending on August 23 when appellant filed his notice of appeal directed to the judgment and sentence of July 30.
In spite of the fact that the appeal was taken from the judgment and sentence rendered July 30, appellant’s brief and oral argument before this court were directed to the question of whether the trial court erred in denying the motion to vacate without an evidentiary hearing. We are unable to consider the merits of this question. In the first place, the record does not disclose that the court has ever denied the motion to vacate, either with or without an evidentiary hearing. In the second place, even if an order had been entered denying the motion to vacate, the notice of appeal directed to the judgment and sentence will not vest jurisdiction to review that order.
The record does contain an order denying appellant’s motion to set supersedeas bond pending appeal. Because certain recitations in that' order touch upon the question of whether appellant’s plea was voluntary, appellant’s counsel suggested in oral argument before this court that such order, entered without an evidentiary hearing on the question of the voluntariness of the plea, was essentially a denial of the motion to vacate. For clarification and in order to avoid any such misapprehension on any further proceedings in this cause, we construe the order denying motion for super-sedeas bond pending appeal as being that and nothing more.
For the reasons stated, we do not pass upon the merits of the question presented on appeal. The judgment and sentence are severally affirmed without prejudice to appellant’s right to apply to the trial court for a prompt hearing and order on his pending motion to vacate.
Affirmed.
WALDEN and MAGER, JJ., concur.