WENTWORTH, Judge.
Appellant was tried, and found guilty as charged, for the crime of armed robbery. After filing the timely notice of appeal, appellate counsel for Mr. Jefferson requested that jurisdiction be relinquished to the trial court to determine whether appellant received reasonably effective assistance of counsel at his trial. This court then entered an order temporarily relinquishing jurisdiction “for collateral proceedings to determine whether effective assistance of counsel was rendered .... ” (e.s.) Pursuant to this order, a hearing was held before the trial judge who then entered an order in which he made substantive findings that appellant had not been denied his right to effective assistance of counsel.[1] Thereafter, appellant filed a brief in which the only two issues raised pertain to the right to effective assistance of counsel. Although appellant’s case is aptly argued and warrants some discussion, we find that there was no violation of appellant’s sixth amendment right to counsel and therefore affirm.
Appellant and a co-defendant, Charles Harrison, were both represented at trial by a single court-appointed attorney, Mr. Clyde Reese. Over Mr. Reese’s objection the cases were consolidated and the defendants were tried together. The evidence tended to show that Harrison and a third accomplice, Diane Harold, entered the Day-N-Nite Food Store and robbed it while appellant waited outside. The three then fled in appellant’s car. After being arrested, appellant and Harrison made separate statements to Detective Hill.[2] Although there were slight discrepancies in the statements, both defendants maintained that they were at a barbecue gathering at the time of the Day-N-Nite robbery. Some time prior to trial, Mr. Reese informed appellant that the state had offered to recommend a ten-year cap on the sentence if appellant would plead guilty and testify against Harrison. At the hearing on the question of ineffective counsel, appellant testified that Mr. Reese advised him to accept the state’s proposal due to the evidence the state had and the possibility of a life sentence upon conviction. Appellant chose to go ahead with the jury trial.
Appellant contends that when Mr. Reese objected to the consolidated trial, the possibility of a conflict of interest was called to the attention of the trial judge. According to appellant, reversal is required because of the judge’s failure at that time to conduct an inquiry into the possibility of conflict.
Appellant relies in part upon Holloway v. State, 435 U.S. 475, 98 S.Ct. 1173, 55 *23 L.Ed.2d 426 (1978), in which an attorney for three co-defendants informed the judge of a possible conflict of interest among defendants and moved for appointment of separate counsel. Without inquiring into the asserted conflict, the judge denied the motion. The Supreme Court held that:
... the failure [to appoint separate counsel], in the face of the representations made by counsel weeks before trial and again before the jury was empaneled, deprived petitioners of the guarantee of “assistance of counsel.”
435 U.S. at 484, 98 S.Ct. at 1178. The court went on to hold that when a trial court improperly requires joint representation over timely objection, there can be no harmless error.
We find the holding in Holloway inapplicable here because in this case the possibility of conflict was never “brought home” to the trial judge. In fact, defense counsel affirmatively acknowledged that the defenses were not conflicting. Thus, this case is distinguishable from those where an objection to consolidation, based on the grounds that there is a risk of conflicting interests, is sufficient to trigger the Holloway rule. E.g., Smith v. Anderson, 689 F.2d 59 (6th Cir.1982). When defense counsel represents to the trial court that there is no conflict, it cannot reasonably be said that the judge is then on notice of a possible conflict merely because defense counsel objects to consolidated trials. Holloway does not require the trial court to initiate inquiries into the propriety of multiple representation. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
When the trial court is not on notice of a possible conflict, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer’s performance.[3] Cuyler, supra. “But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.” 446 U.S. at 350, 100 S.Ct. at 1719.
The primary conflict asserted by appellant stems from the existence of the previously mentioned plea bargain offer. While it is certainly possible that an attorney could be placed in a position of conflict when the state offers one of his two co-defendants a plea bargain,[4] the record here demonstrates that the offer did not create a conflict adversely affecting Mr. Reese’s representation since appellant himself testified that Reese advised him to accept the offer. Thus, there is no indication that counsel placed Harrison’s interests over appellant’s.[5] Under these circumstances we find that appellant failed to demonstrate a conflict actually affecting the adequacy of his representation. He therefore failed to establish the constitutional predicate for his claim of ineffective assistance.
We have considered appellant’s second point on appeal, in which he asserts ineffective representation at trial given the totality of the circumstances, and find it to . be without merit. Appellant has not shown that the complained of omissions and acts of his attorney were measurably below that of competent counsel or that the alleged errors prejudiced him to the extent that there is a likelihood that the outcome was affected. Knight v. State, 394 So.2d 997 (Fla.1981).
Affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.

. Combs v. State, 403 So.2d 418 (Fla.1981), authorizes relinquishment of jurisdiction to the trial court when counsel informs the appellate court of an honest belief that there is an issue as to ineffective assistance of counsel. That opinion, as well as State v. Meneses, 392 So.2d 905 (Fla.1981), appears to us to contemplate that the proper procedure to follow when such relinquishment is granted is to file a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. If the trial court does not grant the relief, a new notice of appeal may be filed. The original appeal may proceed if there are other issues, and should be dismissed if there are not. As our order in this case stated, jurisdiction was relinquished for collateral proceedings, i.e., for instituting proceedings separate from the trial and pending appeal. However, no such motion was filed. Instead, the trial court and the parties apparently relied on the allegations in appellant’s motion to relinquish. While this procedure was not in technical compliance with our order, we entertain the appeal by treating the proceedings below as having been conducted pursuant to remand for hearing upon an application for new trial. See Antone v. State, 382 So.2d 1205 (Fla.1980), cited in Combs, in which the Supreme Court remanded for testimony in the trial court on application for new trial. Under Florida Rule of Criminal Procedure 3.600(b)(8), ineffective assistance of counsel may properly be raised as a ground for new trial. The issue in this case having been thoroughly aired before the trial court, it is now sufficiently preserved and presented for our review, and the appeal from the judgment of conviction is carried over for that purpose. Cf. Wright v. State, 428 So.2d 746 (Fla. 1st DCA 1983).

. Although appellant denied making any statement, Detective Hill testified that he did.

. If a defendant shows that an actual conflict adversely affected his lawyer’s performance, he need not show that the effect was prejudicial to the outcome of the case. Cuyler, supra.

. E.g., Alvarez v. Wainwright, 522 F.2d 100 (5th Cir.1975).

. We have not overlooked appellant’s additional argument directed at specific incidents which allegedly indicate actual conflict. We do not address them in detail because we perceive no such indication in the incidents. For example, we fail to see how counsel’s alleged failure to stress the paucity of evidence, concerning appellant’s knowledge of the presence of a weapon, could be construed as an attempt to deflect the effect of the evidence on Harrison, since there was no dispute in this case about which defendant possessed the gun.