452 So.2d 1120 (1984)
Marie Dean ARRINGTON, Petitioner,
v.
Louie L. WAINWRIGHT, Sec. of Dept. of Corrections; Marta Villacorta, Superintendent of Broward Correctional Institution, and Jim Smith, Atty. General, Respondents.
No. 84-231.
District Court of Appeal of Florida, Fourth District.
July 13, 1984.
*1121 Marie Dean Arrington, pro se.
Jim Smith, Atty. Gen., and William D. Hall, Jr., Asst. Atty. Gen., Tallahassee, for respondents.
GLICKSTEIN, Judge.
We treat this as a petition for writ of mandamus, grant the petition and direct respondents to conduct a hearing within thirty days to determine whether petitioner should remain in close management, pursuant to rule 33-3.083(2)(a), Florida Administrative Code, and the Due Process Clause of the Fourteenth Amendment. See Parker v. Cook, 642 F.2d 865, 867 and n. 1 (5th Cir.1981), and Wright v. Enomoto, 462 F. Supp. 397, 402 (N.D.Cal. 1976), affirmed, 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978).
We reject petitioner's argument that she has been denied equal protection of the law. Since we are not dealing with a suspect classification, a rational basis bearing a substantial relation to public safety for the practice of placing inmates in close confinement, is all that the State needs in order to justify it, and such an explanation is obviously available.
We also reject her claim that the classification and retention in close management status constitutes a per se cruel and inhuman punishment. Essential goals that may require limitation or retraction of a prisoner's retained constitutional rights are maintaining and preserving internal order and discipline. Bell v. Wolfish, 441 U.S. 520, 546, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447, 473 (1979). "Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape... ." Id. at 547, 99 S.Ct. at 1878, 60 L.Ed.2d at 473. "Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id.
"Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Pell v. Procunier, 417 U.S. 817 at 827, 94 S.Ct. [2800] at 2806 [41 L.Ed.2d 495 (1974)]. We further observe that, on occasion, prison administrators may be "experts" only by Act of Congress or of a state legislature. But judicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not Judicial. Procunier v. Martinez, supra, 416 U.S. 396 at 405, 94 S.Ct. [1800] at 1807 [40 L.Ed.2d 224 (1974)]; cf. Meachum v. Fano, supra, 427 U.S. 215 at 229, 96 S.Ct. [2532] at 2540 [49 L.Ed.2d 451 (1976)].
Id. at 547-48, 99 S.Ct. at 1878-79, 60 L.Ed.2d at 474.
ANSTEAD, C.J., and BERANEK, J., concur.