942 So.2d 976 (2006)
ARMOR CORRECTIONAL HEALTH SERVICES, INC., Petitioner,
v.
Howard AULT, as defendant in State
v.
Ault and State of Florida, Respondents.
No. 4D06-2809.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
*977 Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for respondent State of Florida.
PER CURIAM.
Armor Correctional Health Services, Inc., seeks certiorari review of a non-final order of the circuit court entered on June 16, 2006 in a criminal case. The order required Armor to follow a specific medical protocol to document the administration of a defendant's psychotropic medication. The defendant[1] is in the Broward County Jail pending a penalty phase proceeding in a capital case. The Sheriff of Broward County contracted with Armor to provide health care services to those confined in the county jail.
We conclude that the June 16 order constitutes a departure from the essential requirements of law which will materially injure Armor throughout the remainder of the proceedings. Because Armor is not a party to the criminal case, a direct appeal in that case will not provide it with relief. See Florida Dep't of Health & Rehab. Servs. v. Myers, 675 So.2d 700 (Fla. 4th DCA 1996).
Operation of the county jail is within the province of the executive and legislative branches of government, not the judicial branch. See Arrington v. Wainwright, 452 So.2d 1120, 1121 (Fla. 4th DCA 1984) (citing Procunier v. Martinez, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989)). While the system devised by the circuit court may be a good idea from the standpoint of providing hard, objective evidence that the defendant has received the appropriate medication, the trial court has no authority to dictate how Armor carries out the sheriff's duty to provide medical care to jail inmates. Compare Singletary v. Acosta, 659 So.2d 449 (Fla. 3d DCA 1995) (reversing portions of defendant's sentence where trial court directed Department of Corrections to place defendant in specific drug treatment center and to provide specified treatment and medication).
The petition for writ of certiorari is granted and we quash the June 16, 2006 order of the circuit court.
STONE, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Although given an opportunity to file a response to the petition, the criminal defendant has not done so. The state's response to the petition observes merely that the defendant, as the beneficiary of the challenged order, was the party who should respond.