955 So.2d 1219 (2007)
Ric L. BRADSHAW, in his official capacity as the Sheriff of Palm Beach County, Florida, Petitioner,
v.
Glenn SANDLER, Respondent.
No. 4D07-596.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
*1220 Fred H. Gelston of Fred H. Gelston, P.A., West Palm Beach, for petitioner.
Richard G. Lubin and Jonathan Wasserman of Richard G. Lubin, P.A., West Palm Beach, for respondent.
PER CURIAM.
The Sheriff of Palm Beach County seeks certiorari relief to quash a lower court order requiring the Sheriff to transport a pre-trial jail inmate to a private dentist office for treatment. We grant the petition and quash the lower court order.
Glenn Sandler is currently incarcerated in the Palm Beach County Jail awaiting trial on charges of solicitation of murder and trafficking in cocaine. Upon arrest and arraignment, the lower court denied bond, and the Sheriff has held Sandler at the jail since November 10, 2005. Since the order denying bond was issued, Sandler has been transported out of the jail on four occasions: once to his son's funeral, once to visit his ill father, and twice to visit a cardiologist. On December 11, 2006, Sandler filed a motion for another escorted trip outside the jail, this time to see his personal dentist. Despite the Sheriff's objection, the lower court granted the motion without an evidentiary hearing. The order requires the Sheriff to transport Sandler to the private office using whatever security measures the Sheriff believes is necessary. Further, the order requires Sandler to pay the costs associated with the security detail. A subsequent order required the Sheriff to comply within seventy-two hours. Upon emergency motion to stay, we granted temporary relief to the Sheriff to allow for review.
While certiorari relief is appropriate in "very limited circumstances," *1221 such relief is proper where "the order departs from the essential requirements of law and leaves the party with no adequate remedy by final appeal." Palm Beach County Sch. Bd. v. Morrison, 621 So.2d 464, 468 (Fla. 4th DCA 1993), Johnson v. Levine, 736 So.2d 1235, 1238 (Fla. 4th DCA 1999). In this particular situation, the Sheriff has no adequate remedy by final appeal. See Armor Corr. Health Servs., Inc. v. Ault, 942 So.2d 976 (Fla. 4th DCA 2006). Because Sandler must pay the costs of security, the Sheriff's injury is not the monetary obligation of transporting Sandler, but simply the requirement to transport Sandler outside the jail. Once the Sheriff complies with the order, Sandler cannot be "untransported." The harm is complete upon the doing of the act; as such, this Court has jurisdiction to redress the claim of error.
In Ault, we addressed a similar issue concerning the separation of powers doctrine. There, we noted the "[o]peration of the county jail is within the province of the executive and legislative branches of government, not the judicial branch." Id. at 977 (citing Arrington v. Wainwright, 452 So.2d 1120, 1121 (Fla. 4th DCA 1984)). As such, "the trial court has no authority to dictate how [the private health care provider] carries out the sheriff's duty to provide medical care to jail inmates." Id. Health care decisions of jail inmates are exclusively within the province of the Sheriff, and the Sheriff may impose reasonable guidelines as to how those health care services are provided.
The lower court understood the prohibition announced in Ault, but believed the order merely transporting Sandler to the dentist did not dictate any specific medical treatment. The judge believed the order complied with the basic premise of Ault. We disagree. The initial decision that a dental consultation is even necessary is a health care decision that should be left to the Sheriff. Ordering the Sheriff to transport Sandler to the dentist necessarily makes a finding that the inmate is in need of dental care. Such a decision can only be made by the health care provider chosen by the Sheriff. Id. Additionally, in the absence of any evidentiary hearing, the judge could not make a fair determination as to whether Sandler is in need of any medical or dental treatment. As such, we are compelled to grant the petition and quash the order.
Sandler's remedy is to follow the specific procedures put in place by the Sheriff, which all inmates must abide by to receive health care. If, after exhausting his administrative remedies, Sandler believes he has not received any, or adequate, dental care, he may file a petition for writ of habeas corpus in the trial court. If no relief is found therein, he may seek mandamus relief in this Court. Until that point, the courts are without jurisdiction to meddle in the health care decisions made by the Sheriff or his designated agent.
STEVENSON, C.J., GUNTHER and SHAHOOD, JJ., concur.