CLARK, J.
James Forney, a state prisoner, appeals the trial court’s order upon Forney’s petition for writs of certiorari and mandamus. The trial court dismissed the petition in part and denied mandamus relief on the remaining claim. We affirm the trial court’s order for the following reasons.
While serving his sentence in the custody of the Department of Corrections, Mr. Forney received medical care for a digestive condition. He underwent certain *743 medical tests, but was not satisfied with the information he received regarding the results of the tests. He sought additional reports by filing an informal administrative grievance with the correctional facility. Facility officials responded that Mr. For-ney was scheduled to see a nurse practitioner in the near future and he could discuss his questions during that appointment. Mr. Forney then filed a formal administrative grievance, insisting that only the treating specialist physician could properly answer his questions. His formal grievance was denied and he appealed to the Secretary. The Secretary’s response to the administrative appeal determined that Appellant was participating in the chronic illness clinic, was receiving prescription medications for his condition, and that his care was supervised by the Chief Health Officer. Because he was not provided a follow-up consultation with the specialist he had requested, Mr. Forney then filed his petition in circuit court to compel the Department to grant his request for this particular medical appointment.
Appellant has failed to show any error in the trial court’s dismissal of the various claims not presented in his previous administrative grievances. The trial court correctly held that Appellant failed to exhaust his administrative remedies regarding new claims not mentioned in those grievances.
Likewise, Appellant has failed to show any departure from the essential requirements of law in the trial court’s denial of mandamus relief to compel the Department to provide him with an appointment with a specific health care provider for additional consultation. It is well settled that “the trial court wholly lacks authority to regulate the treatment and placement” of prisoners serving sentences in state custody. See Singletary v. Acosta, 659 So.2d 449, 450 (Fla. 3d DCA 1995). The Department cannot be compelled by writ of mandamus to provide an inmate with a particular medical treatment. Hawkins v. Crosby, 910 So.2d 424 (Fla. 4th DCA 2005). Because operation of the state prison system is within the province of the executive and legislative branches of government, the judicial branch has “no authority to dictate” how the detaining authority or its private designates carry out the duty to provide health care to prisoners, so long as no statute or constitutional requirement is violated. See Bradshaw v. Sandler, 955 So.2d 1219 (Fla. 4th DCA 2007); Armor Correctional Health Servs., Inc. v. Ault, 942 So.2d 976 (Fla. 4th DCA 2006).
 In his appellate briefs, Mr. For-ney also challenges the trial court’s disposition of his motion to disqualify the trial judge, apparently filed and ruled upon after the entry of the final order and denial of rehearing. See generally Fla. R. Jud. Admin. 2.330. We decline to consider the matter of disqualification first, because the notice of appeal does not mention the trial court’s disposition of the motion. Fla. R. App. P. 9.110(d) (“notice shall contain ... the nature of the order to be reviewed.”). Secondly, this court’s review is limited to “any ruling or matter occurring before filing of the notice.” Fla. R. App. P. 9.110(h) (emphasis added). Although not contained in this record, Appellant’s arguments indicate that the trial court’s disposition of his motion was entered after Appellant filed his notice of appeal. Thirdly, this court’s review is limited to matters contained in the record on appeal. Dep’t of Transp. v. Baird, 992 So.2d 378 (Fla. 5th DCA 2008) (“an appellate court on direct appeal is limited to a review of the lower court proceedings;” improper for appellate court to refer to matter not part of record on appeal); Altchiler v. Dep’t of Prof'l Regulation, 442 So.2d 349 (Fla. 1st DCA 1983) *744 (appellate court may not consider matters outside the record; such materials properly struck). The motion for disqualification of the trial judge and disposition by the trial court are not contained in the record of this appeal. Finally, a challenge to the denial of a motion for disqualification is properly made via petition for writ of prohibition, not by adding the issue to an existing direct appeal of a final order. See Sutton v. State, 975 So.2d 1073 (Fla.2008); Blaxton v. State, 85 So.3d 1150 (Fla. 1st DCA 2012).
For all the foregoing reasons, the order of the trial court is AFFIRMED.
LEWIS and RAY, JJ., concur.