WETHERELL, J.
Appellant (the mother) seeks review of the final judgment terminating her parental rights to J.L. (the child). The mother contends that (1) the judgment is inconsistent with the trial court’s oral ruling concerning her visitation rights pending adoption of the child, and (2) the trial court erred in denying her post-judgment motion to set aside the surrender of her parental rights. We affirm the first issue without discussion, and for the reasons that follow, we dismiss the appeal as to the second issue for lack of jurisdiction.

Factual and Procedural Background

The Department of Children and Families (Department) filed an expedited petition to terminate the mother’s parental rights to the child.[1] The mother executed a sworn consent to the surrender of her parental rights, and after conducting a colloquy with the mother, the trial court accepted the surrender finding that it was “done freely and voluntarily and knowing *17 ly.” The trial court thereafter entered a final judgment terminating the mother’s parental rights to the child. The mother filed a motion pursuant to Florida Rule of Juvenile Procedure 8.270(a) in which she argued, among other things, that the judgment was inconsistent with the trial court’s oral ruling on the mother’s visitation rights pending adoption of the child. The trial court denied the motion and the mother thereafter timely filed a notice of appeal challenging the final judgment terminating her parental rights.
Prior to filing her initial brief, the mother filed a motion asking this court to “relinquish partial jurisdiction to the trial court below for purposes of allowing the trial court to consider [her] motion for reconsideration of her surrender of parental rights.” The Department objected to the motion, characterizing it as an attempt by the mother “to, in effect, present the issue of the voluntariness of her surrender to the trial court for the first time, in an attempt to preserve the issue for this Court’s review.” We construed the motion as a request to allow the trial court to rule on a motion for relief from judgment, and in the interests of judicial economy, we granted the motion and relinquished jurisdiction to the trial court to rule on the mother’s motion for reconsideration.
Thereafter, the trial court held an evi-dentiary hearing on the mother’s motion for reconsideration. The mother and the attorney who represented her below testified as to the circumstances surrounding the mother’s execution of the surrender documents. The trial court thereafter entered an order denying the motion for reconsideration, finding that there was “no evidence of any fraud or duress causing or relating to the mother’s free and voluntary decision to surrender her rights to the child.”
The mother did not file a notice of appeal challenging the order denying her motion for reconsideration. Instead, a week after the order was entered, she filed a status report advising this court of the trial court’s ruling and requesting this court to “proceed with the appeal on the merits.” We simply noted the filing of the status report and directed the mother to file her initial brief.

Analysis

The mother’s motion for reconsideration did not identify the rule of procedure pursuant to which it was filed. However, based on the nature and timing of the motion, it can only be construed as a motion seeking relief from judgment under Florida Rule of Juvenile Procedure 8.270(b).[2] That rule establishes the *18 grounds upon which a party may obtain relief from judgment in cases subject to the juvenile rules of procedure, including “[fjraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party.” Fla. R. Juv. P. 8.270(b)(4); see also § 39.806(l)(a)2., Fla. Stat. (providing that a surrender of parental rights may only be set aside if the court finds that the surrender was “obtained by fraud or duress”).
An order denying a motion for relief from judgment under rule 8.270(b)- is an appealable non-final order. See Fla. R. App. P. 9.130(a)(5) (“Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule.”); In re A.W.P., Jr., 14 So.3d 1240, 1242-43 (Fla. 2d DCA 2009) (explaining that the court has jurisdiction pursuant to rule 9.130(a)(5) to review an order denying a rule 8.270(b) motion). However, to invoke this court’s jurisdiction to review the order, a notice of appeal must be filed within 30 days of rendition of the order. See Fla. R. App. P. 9.130(b).
Here, the mother did not file a notice of appeal seeking review of the order denying her motion for reconsideration. We decline to construe the status report filed with this court after entry of the order as a notice of appeal because the report gave no indication that the mother was seeking review of the order. The report simply requested that the court “proceed with the appeal on the merits,” and the only issues on which the pending appeal could proceed were the properly preserved issues that inured in the final judgment that was the subject of the original notice of appeal. See Fla. R. App. P. 9.110(h) (“The court may review any ruling or matter occurring before filing of the notice [of appeal].”) (emphasis added). The trial court’s ruling on the mother’s post-judgment motion for reconsideration was not such an issue.
We recognize that we relinquished jurisdiction to the trial court to rule on the motion for reconsideration. That, however, has no bearing on our jurisdiction to review the trial court’s ruling on the motion. See M.W. v. Dep’t of Children & Families, 769 So.2d 513, 513-14 (Fla. 1st DCA 2000) (holding that the proper remedy to review an order entered upon relinquishment of jurisdiction in an appeal of a final judgment was to file a separate appeal); Lurie v. Auto-Owners Ins. Co., 605 So.2d 1023, 1025 (Fla. 1st DCA 1992) (explaining that an order entered upon relinquishment of jurisdiction that is appealable under rule 9.130 results in a separate appeal that “could either be disposed of prior to further proceedings in [the first appeal], or consolidation of the two cases could also be ordered”). Indeed, absent an appeal of the order on the motion for relief from judgment, we are unaware of any authority that would allow an otherwise unpre-served issue raised in a post-judgment motion to be considered in the appeal of the underlying judgment simply by virtue of the appellate court having relinquished jurisdiction for a ruling on such a motion.

Conclusion

For the reasons stated above, we dismiss this appeal insofar as it seeks review of the trial court’s ruling on the mother’s post-judgment motion to set aside the surrender of her parental rights and we affirm the final judgment terminating the mother’s parental rights to the child.
AFFIRMED in part: DISMISSED in part.
THOMAS and CLARK, JJ., concur.

. The petition, which also sought the termination of the father's parental rights, alleged that the child (who was three months old at the time) suffered a number of injuries while in the care and custody of the mother and father, including "[a] parietal skull fracture, midshaft right and left humerus fracturefs], healing fractures to the 8th right rib and the 6th through 10th left ribs, right and left distal femur fracture[s], tibia, and fibula fractures.” The father consented to the termination of his parental rights and he did not appeal the final judgment.

. The motion cannot be construed as a motion for rehearing under rule 8.265 because the motion was filed more than 10 days after entry of the judgment terminating Appellant’s parental rights. See Fla. R. Juv. P. 8.265(b)(1). And, notwithstanding the title of the motion ("Motion for Reconsideration and/or to Vacate the Mother’s Surrender of Parental Rights”), the motion cannot be construed as a motion to “reconsider" the interlocutory finding that the mother's consent was "done freely and voluntarily and knowingly” because, after entry of a final judgment, the trial court’s authority to modify the judgment or any of the underlying interlocutory rulings flows from (and is constrained by) the applicable procedural rules, not the court's inherent authority to grant reconsideration. See Shelby Mut. Ins. Co. v. Pearson, 236 So.2d 1, 3 (Fla.1970) (rejecting argument that trial court had inherent authority to reconsider a final civil judgment and explaining that "[e]xcept as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment”); Helmich v. Wells Fargo Bank, N.A., 136 So.3d 763, 765-66 (Fla. 1st DCA 2014) (explaining that a trial court’s inherent authority to reconsider a ruling is "limited to non-final, interlocutory orders rendered prior to final judgment ”) (emphasis added).