WETHERELL, J.
This is an appeal of a criminal judgment and sentence. We affirm because we do not have jurisdiction to consider the only issue raised by Appellant on appeal.
A month after Appellant filed his notice of appeal, he filed a motion to mitigate his sentence under Florida Rule of Criminal Procedure 3.800(c). He then filed — and we granted — an unopposed motion to relinquish jurisdiction to allow the trial court to consider the motion. Ten days later, Appellant filed a motion to disqualify the trial judge based on statements the judge made during the sentencing hearing. The judge denied the motion to disqualify as legally insufficient, and he thereafter denied the rule 3.800(c) motion. Appellant then filed a status report with this court requesting only that “the case be put on the docket and a briefing schedule be set.”
The only issue raised by Appellant in his initial brief is that the trial court erred in denying the motion to disqualify. We do not have jurisdiction to consider this issue because the order denying the motion to disqualify was rendered after the notice of appeal was filed and Appellant did not file an amended notice of appeal or otherwise properly invoke our jurisdiction to review the order. See Forney v. Crews, 112 So.3d 741, 743-44 (Fla. 1st DCA 2013) (declining to consider argument raised by the appellant in his initial brief challenging the order denying his motion to disqualify the trial judge where the motion was filed and ruled on after the notice of appeal was filed); cf. Fla. R. App. P. 9.110(h) (authorizing the appellate court to review any ruling occurring before filing of the notice of appeal).
We decline to treat the status report filed by Appellant as an amended notice of appeal seeking review of the order denying the motion to disqualify for several reasons. First, the report did not indicate in any way that Appellant was seeking review of the order. See R.W. v. Dep’t of Children & Families, 164 So.3d 15, 18 (Fla. 1st DCA 2015) (declining to treat a status report filed after the trial court entered an order pursuant to a relinquishment of jurisdiction as a notice of appeal because the report “gave no indication that the [appellant] was seeking review of the order”). Second, the report was filed more than 30 days after rendition of the order, making it untimely to the extent it somehow sought to invoke our appellate jurisdiction to review the order. See Fla. R. App. P. 9.110(d), 9.140(b)(3). Third, the proper method for seeking review of an order denying a motion to disqualify is by filing a petition for writ of prohibition. See Sutton v. State, 975 So.2d 1073, 1076 (Fla.2008) (“[Prohibition is ... clearly recognized as the proper avenue for immediate review of whether a motion to disqualify a trial judge has been correctly denied.”); Forney, 112 So.3d at 744 (“[A] challenge to the denial of a motion for disqualification is properly made via petition for writ of prohibition, not by adding the issue to an existing direct appeal of a final order.”).
Moreover, even if we were inclined to treat the status report (or Appellant’s initial brief[1]) as a petition for writ of prohibition, the outcome of this case would be *648 the same because it is clear that the trial court correctly denied the motion to disqualify. The sole ground asserted in the motion — that Appellant feared he would not receive a fair hearing on his rule 3.800(c) motion as a result of statements made by the judge at the sentencing hearing when explaining the denial of Appellant’s request for a downward departure sentence — is not a legally sufficient ground for disqualification of a trial judge. See Jackson v. State, 599 So.2d 103, 107 (Fla.1992) (“The fact that a judge has previously made adverse'rulings is not an adequate ground for recusal. Nor is the mere fact that a judge has previously heard the evidence a legally sufficient basis for recusal. Likewise, allegations that the trial judge had formed a fixed opinion of the defendant’s guilt, even where it is alleged that the judge discussed his opinion with others, is generally legally insufficient to mandate disqualification.”) (citations omitted).
Accordingly, because we do not have jurisdiction to consider the only issue raised by Appellant in his brief, we affirm his judgment and sentence.
AFFIRMED.
THOMAS and RAY, JJ., concur.

. Appellant requested in his reply brief that we allow him to file an amended notice of appeal "nunc pro tunc with the initial brief.” That, however, would not cure the jurisdictional problem because, like the status report, the initial brief was filed more than 30 days after the order denying the motion to disqualify was rendered.