# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1052
Lower Tribunal No. 05-5530C
_____

**Cordero Neely,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Charles G. White, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before WELLS, FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

Cordero Neely appeals his life sentence without parole. We reverse Neely's

non-homicide and first-degree murder sentences and remand for resentencing

because a life sentence for juvenile offenders is impermissible without a meaningful opportunity for release as provided for in section 775.082(1)(b)(1), Florida Statutes (2014), and section 921.1402, Florida Statutes (2015). We base our decision on statutory interpretation and juvenile sentencing jurisprudence for which we provide a brief overview.

Our discussion begins with Miller v. Alabama, 132 S. Ct. 2455 (2012) and Montgomery v. Louisiana, 136 S. Ct. 718 (2016). Miller involved a juvenile convicted of murder and sentenced to life without the possibility of parole where the United States Supreme Court held that the Eighth Amendment prohibits a "sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller, 132 S. Ct. at 2469. Montgomery involved a juvenile convicted of murder and sentenced to life without parole. Montgomery, 136 S. Ct. at 725. In Montgomery, the United States Supreme Court reiterated Miller's determination "that sentencing a child to life without parole is excessive for all but 'the rare juvenile offender whose crime reflects irreparable corruption' … [which renders] a life sentence without parole an unconstitutional penalty for 'a class of defendants because of their status'—that is, juvenile offenders whose crimes reflect the transient immaturity of youth"). Id. at 734. It further declared that Miller's retroactive effect does not require states to re-litigate sentences in cases

2

where juvenile offenders received a mandatory life without parole sentence. Id. at 736.

The Florida Supreme Court held in Falcon v. State, 162 So. 3d 954 (Fla. 2015), that Miller applied retroactively, and the appropriate remedy for a Miller violation was resentencing the juvenile offender pursuant to sections 775.082, 921.1401 and 921.1402, Florida Statutes. Id. at 956. Additionally, the Florida Supreme Court held most recently in Landrum v. State, 192 So. 3d 459 (Fla. 2016), where a juvenile was convicted of second degree murder and sentenced to life without parole, that the life sentence without parole was unconstitutional based on a pre-Miller sentencing scheme that did not require consideration of a youth's distinctive attributes. Id. at 469. The Florida Supreme Court held that the proper remedy for a Miller violation is resentencing under the new statutory scheme. Id. at 465. "Life imprisonment remains a possibility *if* the trial court conducts an individualized sentencing proceeding, with mandatory subsequent judicial review available for those juvenile offenders who 'actually killed, intended to kill, or attempted to kill,' that are sentenced to a term of imprisonment of more than twenty-five years. For those offenders in this category who 'did not actually kill, intend to kill, or attempt to kill,' the subsequent judicial review is available for a sentence of more than fifteen years." Id. (emphasis in original)(citing to Horsley v. State, 160 So. 3d 393, 404 (Fla. 2015)). See also Atwell v. State, 197 So. 3d

3

1040, 1048-50 (Fla. 2016)(involving a juvenile who received a mandatory term of life imprisonment for first-degree murder, with the possibility of parole after twenty-five years, and also a conviction for armed robbery and a sentence of life imprisonment without the possibility of parole for armed robbery; holding that the sentences "effectively resemble[d] a mandatorily imposed life without parole sentence," which did not provide the juvenile with the "type of individualized sentencing consideration <u>Miller</u> requires;" stating that "[a] presumptive parole release date set decades beyond a natural lifespan is at odds with the Supreme Court's recent pronouncement in *Montgomery*" and "the parole system would nevertheless still have to afford juvenile offenders individualized consideration and an opportunity for release").

Accordingly, we reverse Neely's non-homicide and first-degree murder sentences and remand to the trial court for the appropriate resentencing under sections 775.082(1)(b)(1) and 921.1402, and consistent with the cases cited herein.

Reversed and remanded with directions.