# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.

————————————

No. 3D15-2492
Lower Tribunal No. 72-8754

————————————

**Ricardo Miller,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Ricardo Miller, in proper person.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before LAGOA and FERNANDEZ, JJ., and SHEPHERD, Senior Judge.

**ON MOTION FOR REHEARING AND/OR CLARIFICATION**

PER CURIAM.

This cause is before us on the State of Florida's Motion for Rehearing and/or Clarification. We deny the motion for rehearing, but withdraw our December 21, 2016 opinion and substitute this opinion in its place.

Miller appeals the trial court's September 16, 2015 order denying his 3.850(b)(2) motion for post-conviction relief, arguing he is entitled to resentencing in conformance with chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. We reverse and remand.

Miller was found guilty of first-degree murder following a jury trial and in 1973 was sentenced to life in prison. Miller claims he should be resentenced because he was a juvenile at the time he committed the crime. Based on our reading of the applicable sentencing statutes and our recent decision in Neely v. State, No. 3D14-1052 (Fla. 3d DCA Nov. 30, 2016), all juveniles are entitled to judicial review and resentencing in accordance with the new statutes. [1] Miller is thus entitled to judicial review and resentencing.[2]

---

[1] The State's contention that Miller was parole-eligible as early as twelve years after the commission of first-degree murder is irrelevant.

[2] The State argues that "other than [Miller] being entitled to a sentence review hearing under section 921.1402(2)(a), [Miller] is not entitled to be resentenced under the new juvenile sentencing statutes." We disagree with this contention. Section 921.1402(1) provides that "[f]or purposes of this section, the term 'juvenile offender' means a person sentenced to imprisonment in the custody of the Department of Corrections for an offense committed on or after July 1, 2014, and committed before he or she attained 18 years of age." Both section 921.1402 and section 775.082 are interrelated. Section 921.1402(2)(a) specifically refers and incorporates sentencing under the revised version of section 775.082(1)(b)(1), which provides for judicial review. If judicial review could be applied to a pre-1994 life sentence, the Florida Supreme Court would have required judicial review, not resentencing. Thus, the only method available to a juvenile sentenced before July 1, 2014 to obtain judicial review is resentencing under the new statutes.

We therefore reverse Miller's first-degree murder sentence and remand to the trial court for the appropriate resentencing under section 775.082(1)(b)(1), Florida Statutes (2016), section 921.1401, Florida Statutes (2014), and section 921.1402, Florida Statutes (2015).

Reversed and remanded with directions.