# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-544
Lower Tribunal No. 93-673
_____

**Reginald Wilkinson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. De La O, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SALTER, EMAS, and LOGUE, JJ.

LOGUE, J.

Reginald Wilkinson filed a motion for postconviction relief under Florida

Rule of Criminal Procedure 3.850 contesting his mandatory life sentence imposed

for a murder he committed at the age of sixteen. The postconviction court denied the motion without a hearing. We reverse the mandatory life sentence and remand for sentencing under sections 775.082, 921.1401, and 921.1402, Florida Statutes.

In 1994, Wilkinson was convicted of first-degree murder with a firearm for a crime he committed when sixteen years old. He was sentenced to life in prison with eligibility for parole after twenty-five years, as was mandatory under the law at the time.

Decades later, the United States Supreme Court decided Miller v. Alabama, 132 S. Ct. 2455, 2469 (2012). Miller held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." In response to Miller, the Florida legislature ended mandatory life sentences for juveniles. It also adopted guidelines that provided a sentencing judge with discretion to sentence a juvenile to life, but only after consideration of the individual circumstances concerning the juvenile and the crime. §§775.082, 921.1401, 921.1402, Fla. Stat.

The Florida Supreme Court has held that Miller should be applied retroactively. Falcon v. State, 162 So. 3d 954 (Fla. 2015). Indeed, it applied Miller retroactively to a sentence of life with the possibility of parole after twenty-five years, essentially the same sentence as the one at issue here. Atwell v. State, 197 So. 3d 1040, 1048 (Fla. 2016) ("In most respects, a sentence of life with the

2

possibility of parole for first-degree murder, based on the way Florida's parole process operates under the existing statutory scheme, actually resembles a mandatorily imposed life sentence without parole that is not proportionate to the offense and the offender." (quotations omitted)). We have interpreted Atwell to require reversal in circumstances similar to this case. See Neely v. State, 41 Fla. L. Weekly D2663 (Fla. 3d DCA Nov. 30, 2016); Miller v. State, 3D15-2492, 2017 WL 362547, at *1 (Fla. 3d DCA Jan. 25, 2017).

Reversed and remanded.