# Third District Court of Appeal

## State of Florida

Opinion filed July 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-441
Lower Tribunal No. 81-21795
_____

**Luis Orlando Pizarro Ortiz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Luis Orlando Pizarro-Ortiz, the defendant, appeals the trial court's denial of Pizarro-Ortiz's motion to vacate his sentence pursuant to Florida Rule of Criminal Procedure 3.850(b)(2). We reverse and remand.

The State charged sixteen-year old Pizarro-Ortiz in 1981 with first degree murder, armed robbery, and armed burglary. Pizarro-Ortiz pled guilty to second degree murder with a dangerous weapon and armed robbery with a deadly weapon. The trial court dismissed the armed burglary count. In 1982, the trial court sentenced Pizzaro-Ortiz to concurrent life terms on each count.

Pizarro-Ortiz filed a 3.850(b)(2) motion for post-conviction relief on October 15, 2015. He sought to vacate his life sentences on the authority of Miller, Graham, and Falcon.[1] He argued that he was sixteen-years old when the offenses occurred and had been in prison for the last thirty-four years. Pizzaro-Ortiz contended that his life sentences were contrary to Graham, Miller and Falcon. He further argued that he should receive an individualized resentencing hearing pursuant to Falcon and chapter 2014-220, Laws of Florida - the new juvenile sentencing legislation. In addition, Pizarro-Ortiz argued that he was entitled to a determination as to whether he killed, intended to kill, or actually killed the victim,

[1] Miller v. Alabama, 132 S. Ct. 2455 (2012)(holding that the imposition of a mandatory life sentence without the possibility of parole for a defendant who commits a homicide while a juvenile is unconstitutional); Graham v. Florida, 560 U.S. 48 (2010)(holding that a life sentence without the possibility of parole for a juvenile convicted of a non-homicide offense is unconstitutional); and Falcon v State, 162 So. 3d 954 (Fla. 2015).

which would determine the minimum punishment he could receive under chapter 2014-220.

In response, the State argued that the life sentence for second-degree murder did not violate <u>Miller</u> because it was discretionary. The State further argued, in reliance on the Fourth District Court of Appeal's 2013 decision in <u>Atwell v. State</u>, 128 So. 3d 167 (Fla. 4th DCA 2013) that Pizarro-Ortiz was not entitled to relief under <u>Miller</u> or <u>Graham</u> because his sentences for the offenses included parole eligibility.[2] In 2016, the trial court denied the motion for post-conviction relief, and Pizzaro-Ortiz appealed.

Based on the Florida Supreme Court's decision in <u>Atwell v. State</u>, 197 So. 3d 1040 (Fla. 2016) and our recent decision in <u>Miller v. State</u>, 208 So. 3d 834 (Fla. 3d DCA 2017), Pizarro-Ortiz is entitled to judicial review and resentencing. We therefore reverse Pizarro-Ortiz's life sentences and remand to the trial court for the appropriate resentencing under sections 775.082(1)(b)(1), 921.1401, and 921.1402 <u>Florida Statutes (2016).</u>

[2] In his initial brief, Pizarro-Ortiz requested this Court issue an opinion citing to <u>Atwell</u> and <u>Landrum</u>, in the event it denied Pizarro-Ortiz relief, so as to ensure that his case would be in the <u>Atwell</u> and <u>Landrum</u> pipelines before the Florida Supreme Court. The Florida Supreme Court has since decided <u>Atwell</u> and <u>Landrum</u>. <u>See</u> <u>Atwell v. State</u>, 197 So. 3d 1040 (Fla. 2016)(holding that under the existing parole process, imposing a mandatory sentence of life with parole on a juvenile violates <u>Miller</u>, and finding that the failure to provide juveniles with individualized consideration at sentencing and throughout the parole process renders such a sentence unconstitutional); <u>Landrum v. State</u>, 192 So. 3d 459 (Fla. 2016)(holding that a discretionary life without parole sentence violates <u>Miller</u>).

3

Reversed and remanded with directions.