# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-531
Lower Tribunal No. 15-26358
_____

**Darcy Santos,**
Appellant,

vs.

**HSBC Bank USA, National Association as Trustee for the Holders of the GSAA Home Equity Trust 2005-07,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Pomeranz & Associates, P.A. and Mark L. Pomeranz (Hallandale), for appellant.

Akerman LLP, Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale), and Eric M. Levine (West Palm Beach), for appellee.


Before LOGUE, LUCK and LINDSEY, JJ.

LUCK, J.

Darcy Santos appeals from a final judgment foreclosing a mortgage on her condominium. She claims various errors in the proceedings below which occurred before and after Ms. Santos filed her notice of appeal. We have no jurisdiction to address the rulings made after filing of the notice of appeal, and affirm the remaining issues directed to the final judgment.

*Factual Background and Procedural History*

In connection with her purchase of a condo unit at the Gates at Doral Isles, Ms. Santos executed a note and mortgage in favor of First National Bank of Arizona in the amount of $208,550 on January 27, 2005. On November 11, 2015, HSBC Bank USA[1] brought the present action to foreclose the mortgage, alleging Ms. Santos defaulted on her mortgage by failing to make the October 2009 payment and all subsequent payments. Ms. Santos answered the complaint, HSBC replied to Ms. Santos' answer, and on December 15, 2016, the lower court issued an order setting the matter for non-jury trial on February 7, 2017. The order, which was served on Ms. Santos's counsel of record, indicated no continuance motions would be entertained on the day of trial.

In accordance with the trial order, HSBC filed its witness and exhibit lists, several affidavits, and a motion in limine. Nothing was filed on behalf of Ms. Santos. When the case was called for trial on February 7, neither Ms. Santos nor

---

[1] HSBC Bank is a successor in interest to the original lender.

her counsel were present. The trial proceeded in their absence, concluding with the court entering a foreclosure judgment in favor of the bank that same day. We have not been provided with a transcript of the trial.

Ms. Santos then filed a verified motion to vacate the final judgment, together with attached affidavits and exhibits. Ms. Santos's counsel explained that the reason he failed to appear on February 7 was due to a clerical error by his staff. Apparently, clerical staff failed to docket the trial, mistakenly believing the trial order referred to a case to be tried in St. Lucie County on the same day. When the error was discovered on the date of trial, defense counsel asked plaintiff's counsel to request a short continuance so that he could drive back down to Miami. However, the trial judge disposed of the case without waiting. The motion argued the foreclosure judgment should be vacated on the grounds of excusable neglect, improper trial setting, and insufficient evidence of indemnification.

Before the trial court heard the motion to vacate, Ms. Santos filed her notice of appeal from the final judgment. At Ms. Santos's request, we relinquished jurisdiction for the trial court to consider the motion to vacate. The motion was heard and denied on April 27. On May 1, HSBC filed the trial court's order denying the motion with this court, requesting that we reassert appellate jurisdiction in the case. Ms. Santos did not amend her notice of appeal to include

3

the order denying the motion to vacate. Nonetheless, Ms. Santos raises on appeal the same three issues argued in her motion to vacate.

*Discussion*

First, Ms. Santos argues the final judgment should have been vacated because her counsel's failure to appear for trial was due to excusable neglect. Next, she contends the case was not properly scheduled for trial because it was not at issue. Finally, she claims there was insufficient evidence to support the final judgment's finding on indemnification.

The trial court's ruling on the excusable neglect issue was announced via the May 1 order denying the motion to vacate. We do not have jurisdiction to review the May 1 order because Ms. Santos failed to file a notice appealing it. Florida Rule of Appellate Procedure 9.110 states, in pertinent part:

> **(d) Notice of Appeal.** … The notice shall contain … the date of rendition, and the nature of the order to be reviewed….
> . . . .
> **(h) Scope of Review.** The court may review any ruling or matter occurring before filing the notice.

Pursuant to this rule, Florida appellate courts deny review of judicial acts occurring after the filing of a notice of appeal. See Forney v. Crews, 112 So. 3d 741 (Fla. 1st DCA 2013) (determining appellate court was without authority to consider mandamus relief on denial of motion to disqualify judge entered after notice of appeal); Lauderdale Marine Ctr., Ltd. V. MYD Marine Distribs., Inc., 31 So. 3d

4

256 (Fla. 4th DCA 2010) (declining to consider attorney's fees issues where attorney's fees hearing took place months after filing of notice of appeal); Freeman v. Velez, 8 So. 3d 1285 (Fla. 4th DCA 2009) (same).

Even where the appellate court relinquishes jurisdiction to the trial court after a notice of appeal is filed, as we did in this case, return of jurisdiction to the appellate court does not automatically extend that jurisdiction to judicial acts which took place while jurisdiction was relinquished to the trial court. In such instances, the appellant must formally invoke the appellate court's jurisdiction to review the post-notice-of-appeal acts by filing a new notice of appeal or by amending its prior notice of appeal to include those acts. R.W. v. Department of Children and Families, 164 So. 3d 15 (Fla. 1st DCA 2015) is instructive on this jurisdictional question.

In R.W., a mother appealed from a final judgment terminating her parental rights to her child based on a surrender of parental rights. Prior to filing her initial brief, the mother requested that the appellate court "relinquish partial jurisdiction to the trial court below for purposes of allowing the trial court to consider [her] motion for reconsideration of her surrender of parental rights." Id. at 16. The First District treated the request as one to allow the trial court to rule on a motion for relief from judgment and relinquished jurisdiction to the trial court. Thereafter, the trial court held an evidentiary hearing at which it found there was no duress or

5

fraud that caused the mother's voluntary surrender of parental rights. The mother then filed a status report informing the appellate court of the trial court's ruling and requesting that it "proceed with the appeal on the merits." Id. at 17. The appellate court noted the status report and ordered the mother to file her initial brief. In its opinion, the First District affirmed issues directly related to the final judgment of termination, but dismissed, for lack of jurisdiction, the issue challenging the post-notice ruling because the mother did not file a separate notice of appeal as to the denial of the post-judgment motion.

> Regarding the effect of the relinquishment, the R.W. court explained:
>
> We recognize that we relinquished jurisdiction to the trial court to rule on the motion for reconsideration. That, however, has no bearing on our jurisdiction to review the trial court's ruling on the motion. Indeed, absent an appeal of the order on the motion for relief from judgment, we are unaware of any authority that would allow an otherwise unpreserved issue raised in a post-judgment motion to be considered in the appeal of the underlying judgment simply by virtue of the appellate court having relinquished jurisdiction for a ruling on such a motion.

Id. at 18 (citations omitted); see also Davis v. State, 174 So. 3d 646 (Fla. 1st DCA 2015) (refusing to consider denial of motion to disqualify the judge entered after appellate court relinquished jurisdiction for the trial court to consider a motion to mitigate defendant's sentence where defendant filed a status report simply requesting that appeal be put back on the docket); Jefferson v. State, 440 So. 2d 20, 22 n. 1 (Fla. 1st DCA 1983) (explaining that proper procedure when appellate

6

court relinquishes jurisdiction to trial court to determine issue of ineffective assistance of counsel is to file a new notice of appeal if trial court denies relief).

Without a proper notice of appeal, this court has no jurisdiction to review the trial court's denial of Ms. Santos's motion to vacate and may address only matters determined by the final judgment itself. Because defense counsel's excusable neglect was argued in the motion to vacate, we dismiss the appeal as to this issue for lack of jurisdiction.

Turning to Ms. Santos' argument that the trial court erred in setting the case for trial because it was not at issue, we find no merit to the argument. Ms. Santos answered the complaint asserting several affirmative defenses. In its reply to those affirmative defenses, HSBC stated that any defenses amounting to mere conclusions of law without supporting factual allegations which should be stricken. This statement alone does not constitute a motion to strike an affirmative defense. See Fla. R. Civ. P. 1.100(a), (b) ("If an answer … contains an affirmative defense and the opposing party seeks to avoid it, the opposing party must file a reply containing the avoidance…. An application to the court for an order must be by motion which must be made in writing … , must state with particularity the grounds for it, and must set forth the relief or order sought."); Id. R. 1.140(b), (f) ("If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert any defense

in law or fact to that claim for relief, except that the objections of failure to state a legal defense in an answer or reply must be asserted by motion to strike the defense …. A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time."). As no motion to strike was formally made requesting an order from the court, the case was at issue and properly set for trial.

With regard to the remaining issue, i.e. that there was insufficient evidence to support the indemnity required under section 673.3091(2) of the Florida Statutes, our review is precluded by Ms. Santos's failure to provide a transcript of the trial. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979).

*Conclusion*

For the reasons stated, we dismiss this appeal on the issue relating to the denial of the motion to vacate and we affirm the final judgment of foreclosure.

Dismissed in part; affirmed in part.