# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-2287
Lower Tribunal Nos. F93-673 & F93-674

————————

**Reginald Wilkinson,**
Petitioner,

vs.

**State Attorney's Office, et al.,**
Respondents.

A Case of Original Jurisdiction—Mandamus.

Reginald Wilkinson, in proper person.

Ashley Moody, Attorney General, and Michael W. Mervine, Chief Assistant Attorney General, for respondent The State of Florida.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

In 1994, Petitioner Reginald Wilkinson was convicted of first degree murder with a firearm and sentenced to life in prison with eligibility of parole after twenty-five years. At the time of his offense, Wilkinson was sixteen years old. Thereafter, in 2017, this Court reversed Wilkinson's life sentence and remanded the case to the trial court for resentencing as required at the time by the United States Supreme Court in Miller v. Alabama.[1] Wilkinson v. State, 212 So. 3d 500 (Fla. 3d DCA 2017) ("Wilkinson I"). Notwithstanding this Court's remand instructions in Wilkinson I, Wilkinson has not been resentenced because Wilkinson, acting *pro se*, has filed a series of unsuccessful motions and petitions seeking, among numerous things, to disqualify the trial court.

While not entirely clear, it seems that, in the instant petition for a writ of mandamus, filed in this Court on November 23, 2021, Wilkinson does not challenge any action (or inaction) by the lower court. Rather, he seeks to invoke this Court's original jurisdiction to require the State Attorney's Office and the Miami-Dade Police Department to respond to public records requests that Wilkinson's standby counsel served on those state agencies.

---

[1] Miller v. Alabama, 567 U.S. 460 (2012) and Graham v. Florida, 560 U.S. 48 (2010) addressed the constitutional limits of juvenile sentencing under the Eighth Amendment of the United States Constitution for a crime such as murder.

In response to the petition, the State asserts that it has produced the records in its custody. In its supporting appendix,[2] the State includes several portions of the record below that indicate that, on the same date Wilkinson filed the instant petition in this Court, Wilkinson filed in the lower court what Wilkinson captioned as a "Petition for Writ of Mandamus." In this filing below, Wilkinson appears to make the same assertions he makes – and seeks the same relief he seeks – in the instant petition filed in this Court. It does not appear from the record provided to us that the trial court adjudicated this November 23, 2021 "petition."[3]

Mandamus is an extraordinary remedy and, generally, this Court will not entertain a mandamus petition if there is another adequate remedy available to a petitioner. See Welch v. State ex rel. Johnson, 95 So. 751, 752 (Fla. 1923). By his filing a virtually identical motion in the trial court seeking the same relief sought in the instant petition, Wilkinson expressly

---

[2] Wilkinson did not file an appendix with the Court in support of his petition.

[3] It does appear from the State's appendix that the trial court, in a February 1, 2022 unelaborated order, adjudicated similar claims alleged by Wilkinson and denied what Wilkinson styled as a "Petition for Writ of Mandamus" (which Wilkinson had filed below on January 10, 2022). This February 1, 2022 order is not before us. Obviously, trial court proceedings occurring after the November 23, 2021 filing of the instant petition with this Court are not within our purview. See Davis v. State, 174 So. 3d 646, 647 (Fla. 1st DCA 2015).

3

acknowledges – albeit inadvertently – the existence of such other remedy. Indeed, a court's determining in the first instance whether a government entity has complied with the requisites of Florida's Public Records Law, codified in chapter 119 of the Florida Statutes, generally requires a factual inquiry that this Court is ill-equipped to perform. We, therefore, exercise our discretion[4] and dismiss the instant petition because Wilkinson has an adequate remedy – other than invoking this Court's original mandamus jurisdiction – to enforce chapter 119.[5]

Petition dismissed.

---

[4] See Dortch v. Alachua Cnty. School Bd., 330 So. 3d 976, 979-80 (Fla. 1st DCA 2021).

[5] We express no opinion as to the petition's merits.