DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DALHOU FLETCHER-JOHNSON,**
Appellant,

v.

**COLIN WAYNE JOHNSON,**
Appellee.

No. 4D2024-1124

[November 12, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elaine A. Carbuccia, Judge; L.T. Case No. DVCE-24-3500.

Dalhou Fletcher-Johnson, Miramar, pro se.

Colin Wayne Johnson, Miramar, pro se.

PER CURIAM.

This appeal involves a final judgment of an injunction for protection against domestic violence. Appellant raises two issues: (1) whether the trial court erred in entering an injunction against Appellant, when Appellant was not present at the hearing; and (2) whether the trial court abused its discretion in denying Appellant's motions to vacate the final judgment and the dismissal order without an evidentiary hearing.

As to the first issue, Appellant has not provided a transcript of the relevant hearing. Without a transcript, we cannot determine whether Appellee's petition for injunction was supported by competent, substantial evidence, and therefore cannot review whether the trial court abused its discretion in granting the petition. *See Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Furthermore, Appellant was not deprived of due process when the trial court ruled on the petition despite her absence. Appellant had actual notice of the April 1, 2024 final hearing when she was served the order setting the hearing by hand delivery in open court approximately two weeks before the hearing. Appellant hand-signed the acknowledgment of receipt, stating she received the order setting the April 1, 2024 hearing.

As to the second issue, the notice of appeal clearly states that Appellant is appealing only the final judgment of injunction for protection against domestic violence. An order denying a motion to vacate is separate from the final judgment and is appealable separately. Because the notice of appeal fails to include the order denying the motions to vacate the final judgment and the dismissal order, we have no jurisdiction to review those orders. *See De Gaglia v. State,* 257 So. 2d 107, 108 (Fla. 4th DCA 1972) ("[E]ven if an order had been entered denying the motion to vacate, the notice of appeal directed to the judgment and sentence will not vest jurisdiction to review that order."); *Santos v. HSBC Bank USA,* 258 So. 3d 535, 538-39 (Fla. 3d DCA 2018) (holding that the court lacked jurisdiction to review the trial court's denial of a motion to vacate because appellant failed to amend the notice of appeal to include the subsequent denial of the motion). Because we lack jurisdiction, we cannot address the second issue's merits.

*Affirmed.*

KUNTZ, C.J., MAY and SHAW, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

2